## No. 11,348.

### CRAWFORD v. MELVIN, ET AL.

*Decided May 3, 1926.*

Action for damages for fraud and deceit. Judgment for plaintiffs. ·

### *Reversed.*

1. FRAUD—*Corporate Stock—Damages.* In an action for damages for fraud and deceit in the sale of corporate stock, there can be no recovery unless there is legal proof that the stock purchased by plaintiff was of less value than he had a right to suppose it ·to be at the time of the purchase, according to the representations then made to him by the seller.

2. PRINCIPAL AND AGENT—*Declarations of Agent.* Where an agent in negotiating a transaction on behalf of his principal makes representations, declarations and admissions in connection therewith respecting the subject matter, they will be binding on the principal if made at the time, and as a part of, the transaction.

3. *Declarations of Agent—Evidence.* Declarations or admissions of an agent of his own authority, and not accompanying the making of a contract or the doing of an act in behalf of his principal, nor made at the time he is engaged in the transaction to which they refer, are not binding upon his principal, not being a part of the res gestae, and are not admissible as evidence.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. H. H. TANGEMAN, Mr. CHARLES R. BOSWORTH, for plaintiff in error.

Mr. J. W. KELLEY, Mr. J. D. KELLEY, Mr. L. J. CROWLEY, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiffs Mr. and Mrs. Melvin recovered a judgment against the defendant Crawford for $700 which sum they paid to Crawford for capital stock in an oil company of which he was president. The action is based upon the charge that their purchase of the stock was induced by fraudulent representations of one Kasbeer, the agent of the defendant in effecting the sale. Counsel for plaintiff in error Crawford in their opening brief, discuss many questions that we shall not consider. No complaint is made of the instructions to the jury and defendant's counsel disavow their intention to question the general rule as to the binding effect in a reviewing court of the verdict of a jury upon conflicting evidence; yet they insist that there was not sufficient legal and competent evidence before the jury to warrant its finding. This contention requires a careful examination of the evidence and as a result of such investigation we must say that we are not favorably impressed with some features of the defense. Were it not for a failure of proof of the element of injury to the plaintiffs as the result of the alleged fraudulent representations, it is doubtful if this judgment could properly be set aside, at least, it is not altogether clear that it would be our duty to reverse it. We make this statement not for the purpose of unnecessarily embarassing or encouraging either party in the event of a new trial, but as indicative of our unwillingness upon the record before us to give our assent to some of the present contentions, such as the alleged immateriality of the fraudulent representations, that they were not the proximate and immediate cause of the purchase, and that the defendant, should injury be established by competent evidence, would not be bound by the acts of the selling agent. We should not anticipate that a second trial may or may not strengthen or weaken the case of either party

as made by the present record. Our conclusion not to discuss the assignments of this nature must not, therefore, be taken as a recognition of their merits or otherwise.

There can not be a recovery in this action unless there is legal proof that the stock for which the plaintiffs paid $700 was of less value than they had a right to suppose it to be, at the time of the purchase, according to the representations then made to them by the seller. The amount which they paid for the stock it was necessary to establish and this was done, but as we read the record there is no legal proof of the actual value of the stock or the difference between its actual value and its value as represented. Crawford, the defendant, was the president of the oil company. Kasbeer was the secretary and one of the directors. There is a dispute in the evidence as to whether Kasbeer, who effected the sale to the plaintiffs, was the agent of the company or of the defendant Crawford. Possibly there is some doubt about the ownership of the stock, whether it belonged to Crawford or to the company, and, therefore, as to who was the principal in the transaction, although there is no doubt about an agency. Such being the facts we think the court improperly permitted the plaintiffs to testify that after the drilling operations established that there was no oil in the well drilled, Kasbeer came to Colorado and, in a conversation which he had with them, told them that the stock was "not worth a ——," and that several days later in another conversation: "It had been worthless from the beginning." Kasbeer sold to the plaintiffs, beginning July 17 and ending October 18, seven separate lots or shares of stock for which they paid him in the aggregate $700. No further sales were made after October 18. Eight days later, October 26, it was that Kasbeer told them that the stock was "not worth a ——" and in the following month of November that "It had been worthless from the beginning." Kasbeer was not a witness at the trial and his deposition

was not taken. His own testimony at the trial as to value of course would be competent, but that is far from saying that evidence of his declarations as agent of the principal Crawford would be admissible. In 2 C. J. pp. 855, 856, § 541, et seq., the general rule is thus announced: "Where an agent, in negotiating a transaction or making a contract on behalf of his principal, makes representations, declarations, and admissions in connection therewith respecting the subject matter, they will be binding on the principal, where they are made at the time and as a part of the transaction." There is a difference in different jurisdictions as to the rule in actions for deceit, some of the cases, including *Mayo v. Wahlgreen,* 9 Colo. App. 506, 50 Pac. 40, holding that fraudulent representations of an agent made in the course of his employment may render a principal liable in an appropriate action, but not in an action for deceit, unless the principal co-operated in the fraud of the agent; while other decisions appear to discard this distinction and hold the principal liable at law and equity alike for the frauds of his agent provided they were committed at the time and in the course of his employment and in the interest of his principal. 2 C. J. p. 858. Under both rules, to bind the principal it must appear that the representations were made during the existence of the agency and in connection with the particular transaction or act which the agent was authorized to effect, or do. *Baldwin v. Central Savings Bank,* 17 Colo. App. 7, 67 Pac. 179. Applying this rule to the facts of the case it appears that at the time Kasbeer first declared that the stock which the plaintiffs bought of him was worthless, the last sale thereof had been made eight days before. While his agency, generally, whether it be for the company or for the defendant Crawford, may have continued until after that time there is no proof of it. So far as concerns the transactions with the plaintiffs, even though it may have been up to the time of the last sale, on October 18, a continuous agency or transaction, there were no

other later sales and as to all sales the transactions were completed not later than October 18.  The declaration, as testified to by plaintiffs, of the witness Kasbeer was purely hearsay and not admissible.  The doctrine is thus announced in 2 Wigmore on Evidence (2d Ed.), § 1078, p. 586, to the effect that "declarations or admissions by an agent, of his own authority, and not accompanying the making of a contract, or the doing of an act, in behalf of his principal, nor made at the time he is engaged in the transaction to which they refer, are not binding upon his principal, not being part of the 'res gestae,' and are not admissible in evidence, but come within the general rule of law, excluding hearsay evidence;  *  *  *  not a part of the transaction, but only statements or admissions respecting it."

For this reason, the lack of any competent evidence at all upon the value of the stock or its worthlessness, the judgment must be reversed and the cause remanded for a new trial.

Mr. Chief Justice Allen and Mr. Justice Sheafor concur.