## No. 16,165.

## MONKS *v.* HEMPHILL.
(212 P. [2d] 1004)

Decided November 28, 1949.

1

Mr. WALTER H. ANDERSON, for plaintiff in error.

Mr. CLARENCE O. MOORE, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

DEFENDANT in error, as plaintiff, brought action against plaintiff in error, alleging oral agreement by plaintiff to sell and defendant to purchase, at an agreed price, a lease and option upon the restaurant and cottage property known as the Elk Springs Resort in Moffat county, together with stock of liquor, restaurant fixtures, cabin furnishings, and other personal property situated thereon; the acceptance of the invoice of the stock and the entering into possession, control, and management of the restaurant by defendant; his refusal to pay therefor; his abandonment of the property, and the subsequent disposal thereof by plaintiff at a

loss. Insofar as we are here concerned, defendant stood upon the denial of all the allegations of the complaint. Upon trial to a jury, a verdict was returned for plaintiff, and defendant seeks reversal.

■ It first is contended that, "The case as ultimately submitted to the jury was submitted upon the theory that the title had passed and that the plaintiff had sold the property in question and was entitled to recover the difference between the contract price and the resale price." Inasmuch as the instructions are not included in the abstract, the question of the theory upon which the case was submitted to the jury is not before us. Further, it is not apparent that the passing of title was necessary to enable plaintiff to recover or was an issue in the case.

■ ■ It next is contended that evidence of the resale by plaintiff of the property involved, some three months after defedant's refusal to carry out his contract, was inadmissible because of the lapse of time between the agreement with defendant and the subsequent resale. The cases cited in support of this point have to do with goods having ready and available market, but the rule as to such goods does not apply in the case of property such as here involved, where values are speculative, sales infrequent and purchasers few. In such case, the evidence of the price received at subsequent resale, made with reasonable diligence and in good faith, is admissible, although not conclusive, as to the reasonable or actual value of the property sold, and the jury presumably was properly instructed with regard to the measure and ascertainment of damages, as no objection appears to have been made to the instructions relative to that question.

■ The next point raised is that there was complete rescission of the contract when defendant abandoned the premises and plaintiff reentered the same. However, assuming this to be true, it does not appear that the rescission was by mutual consent of the parties; and

4

rescission of a contract, while it is a bar to its enforcement, is not necessarily a bar to an action for damages. Plaintiff in error relies on *McCrea v. Ford*, 24 Colo. App. 506, 135 Pac. 465. In that case, where a purchaser, after entering into possession of a stock of goods, subsequently refused to continue in possession or make payment and turned the stock back to defendant, the court said: "Under these circumstances defendant's remedy, if the breach was wrong and therefore actionable, was in damages. The title of the goods remaining in the defendant, and he having retaken possession, he could not maintain an action for specific performance of the contract."

It further is contended that there never was any meeting of minds or definite agreement between the parties. That was an issue of fact. The jury found in favor of plaintiff, and there was substantial evidence to support its verdict. The same answer applies to the further contention that the landlord imposed a condition as to the sale of the lease and equipment which plaintiff refused to perform whereby defendant was justified in abandoning his contract. This again was an issue of fact and the jury found against defendant's contentions with substantial evidence to support the findings.

It then is urged that there was an absence of necessary parties in that plaintiff testified that she had partners and, "the profits would have been split four ways." However, she also testified, "but I had the sole handling of the lease and everything was in my name." Under our Rule 17(a), "A party with whom or in whose name a contract has been made for the benefit of another * * * may sue in his own name without joining with him the party for whose benefit the action is brought." Defendant made no attempt to have other parties joined, and plaintiff had capacity to sue in her own name.

Accordingly, the judgment of the trial court is affirmed.