503 P.2d 365 (1972)
Edward Scott UTZ and Judith L. Utz, Plaintiffs-Appellees,
v.
Donald R. MOSS and Eileen Pryor, Individually and d/b/a Pryor-Moss Realtors, Defendants-Appellees,
Custom Builders, Inc., a Colorado corporation, Defendant-Appellant.
No. 71-423.
Colorado Court of Appeals, Div. I.
November 21, 1972.
*366 Sonheim, Whitworth & Helm, Arvada, for plaintiffs-appellees.
Holley, Boatright & Villano, David C. Deuben, Wheat Ridge, for defendants-appellees.
Robert W. Caddes, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
Pryor-Moss Realtors (Pryor-Moss), principally engaged in the business of real estate sales, owned, among other properties, two lots in Jefferson County upon which they desired to have a house constructed for immediate resale. They contracted with Custom Builders, Inc., (Custom) for the construction. In the written contract, Custom expressly warranted that any defects in the construction would be remedied by Custom for a period of one year.
Upon completion of all construction specified by the contract, Pryor-Moss sold *367 the property to plaintiffs. Within six months after taking possession, plaintiffs noticed defects in the building and the grading which surrounded it and reported these defects to Pryor-Moss and Custom. When nothing was done to remedy the defects, a complaint alleging separate claims in negligence, breach of warranty, and fraudulent concealment was filed against Pryor-Moss and Custom. Answers were filed by Pryor-Moss and Custom. Pryor-Moss asserted a cross-claim against Custom which alleged that their contract with Custom provided that Custom was liable for the particular damage claimed by plaintiffs.
Trial was to the court, who found that there was an implied warranty running from Custom to plaintiffs, that the house would be built in a workmanlike manner and suitable for habitation, and that a like express warranty ran from Pryor-Moss to the plaintiffs.
The court further found that the rough grading on a portion of the property was done in an unworkmanlike manner, causing water drainage into the crawl space beneath the house. Items of unworkmanlike construction in the house itself were also noted in the court's findings.
Judgment was entered against Pryor-Moss and Custom for the damages. The trial court also held for Pryor-Moss on its cross-claim for the entire amount of the judgment rendered in favor of plaintiffs. No findings were made with reference to the negligence or fraud claims. The judgment was rendered solely on the basis of breach of warranty. Custom appeals.
Custom first maintains that the evidence was insufficient to establish that the rough grading was done in an unworkmanlike manner, causing damage to plaintiffs. Testimony regarding this alleged defect was contradictory, but there was sufficient evidence to support the conclusion that the elevations of the land surrounding the building were graded toward the house rather than away from it and that this condition was responsible for the water collecting beneath the house, affecting the habitation of the structure. The evidence supports the judgment against Custom on this allegation. Shiffers v. Cunningham Shepherd Builders Co., 28 Colo.App. 29, 470 P.2d 593.
Custom, in reliance on Wright v. Creative Corporation, 30 Colo.App. 575, 498 P.2d 1179, next claims that even if there were a breach of express or implied warranties attributable to it, where there were no specific findings of negligence, it cannot be found liable to plaintiffs as there was no privity between it and plaintiffs.
Colorado has adopted the rule that purchasers of used homes generally cannot rely on either an implied warranty that the house is constructed in a workmanlike manner or on any express warranties that were given to the initial purchaser. H. B. Bolas Enterprises, Inc. v. Zarlengo, 156 Colo. 530, 400 P.2d 447. However, the absence or presence of privity of contract, in the technical meaning of that term, is not dispositive of all cases. See Krause v. Sud-Aviation, Societe Nationale de Constructions Aeronautiques, D.C., 301 F.Supp. 513. The basis of the privity rule is to protect sellers from buyers who are not within the class of those reasonably intended to be protected when the product was offered for sale. See Spada v. Stauffer Chemical Co., D.C., 195 F.Supp. 819. By so considering the rule we agree with the decision in Bolas that purchasers of used homes should not be protected by the original warranty. However, where, as in the case before us, the construction company knows, or should know, that the intended purchaser and first occupant will not be the realty company, but rather the initial home owner, the implied warranty of workmanlike construction extends to that first purchaser. Therefore, we hold that Custom was responsible to plaintiffs on an implied warranty. See Carpenter v. Donohoe, 154 Colo. 78, 388 P.2d 399.
With regard to the question of whether Pryor-Moss should prevail on its cross-claim as to all liability arising out of *368 plaintiffs' claim, the contract between Pryor-Moss and Custom is controlling. The contract contained the following clause:
"The CONTRACTOR further agrees to repair, fix or replace any faulty material or workmanship that was placed in the said construction by the CONTRACTOR for a period of one (1) year from the date of completion."
It is Custom's position that where Pryor-Moss made inspections during construction and accepted all the construction as being in accordance with the contract, including the rough grading, the liability of Custom for repair of defects was thereby terminated. The wording of the contract clause in question is unambiguous. The only intent of the parties reasonably to be inferred from the clause is that Custom should bear the full expense of the loss occasioned by the defects where, as here, the defects occurred and were reported within the one-year limitation.
Judgment affirmed.
SILVERSTEIN and COYTE, JJ., concur.