508 P.2d 798 (1973)
Jesse M. GALLEGOS and Margaret Gallegos, Plaintiffs-Appellees,
v.
Carl GRAFF and Frieda Graff, Defendants-Appellants.
No. 72-329.
Colorado Court of Appeals, Div. I.
April 10, 1973.
Anthony J. Pasquale, Denver, for defendants-appellants.
Selected for Official Publication.
ENOCH, Judge.
This action was brought by Jesse M. and Margaret Gallegos, plaintiffs-appellees, against Carl and Frieda Graff, defendants-appellants, to recover damages for alleged defects in a house. After a trial to the court, judgment was entered in favor of the plaintiffs in the sum of $525 for the replacement of the furnace, $75 for the repair of the roof, and the cost of maintaining the action. We reverse.
The Graffs bought the house new in 1954 and made it their home for 15 years. In July 1969 the Gallegoses purchased the house through a real estate sales agent and immediately moved in. Testimony at the trial revealed that there was some mention by the Graffs to the Gallegoses that the *799 house was in "good condition," but nothing of specificity was asked for nor offered by any of the parties. In September of that same year, the Gallegoses attempted to operate the furnace, but they found that it was defective and would have to be replaced. A new furnace was installed. It was also discovered that the roof had a minor leak, and although the Gallegoses obtained an estimate, they did not have the roof repair work done.
The trial court, in its finding of fact, found neither fraud nor misrepresentation present in the transaction. It isolated the real and only issue as one of implied warranty. The court ruled that, regardless of the seller's lack of knowledge at the time of the sale, the seller is liable for damages due to a defective furnace and a leaky roof if such were the conditions at the time of the sale. As basis for the ruling, the trial court relied on the Uniform Commercial Code and the Colorado Jury Instructions.
It should first be noted that the Uniform Commercial Code does not apply to the transfer of interests in real property. C.R.S.1963, XXX-X-XXX, XXX-X-XXX. Although real property may make up all or part of the consideration paid in a transaction, "the transfer of the interest in realty or the transferor's obligations in connection therewith" are not affected by the code. C.R.S.1963, XXX-X-XXX(2).
Further, in promulgating the Colorado Jury Instructions, it was not the purpose of the Supreme Court to compile a restatement or an encyclopedia of prevailing law. The intent was to provide clear and impartial forms for use by the trial court in preparing instructions for juries. The forms are to be used with discrimination, keeping in mind that they are not law in themselves and, in order to continually provide accurate assistance to juries, must be refined and modified in accord with changes in statutes and the body of appellate decisions. Colorado Jury Instructions p. xxi.
In any event, it was error to find that the Graffs were liable on the theory of implied warranty. It is true that the implied warranty doctrine is available to the buyer of a newly constructed house against the builder-vendor to hold the builder-vendor responsible for complying with the building codes, accomplishing the construction in a workmanlike manner, and delivering the house in a condition suitable for habitation. Carpenter v. Donohoe, 154 Colo. 78, 388 P.2d 399. This implied warranty, however, does not extend to the Gallegoses as purchasers of a used home from the Graffs who were not the builders of it. H. B. Bolas Enterprises, Inc., v. Zarlengo, 156 Colo. 530, 400 P.2d 447; Wright v. Creative Corporation, 30 Colo. App. 575, 498 P.2d 1179.
The judgment of the lower court is reversed with directions to enter a judgment for defendants.
PIERCE and SMITH, JJ., concur.