## Skretvedt v. The Maple Corporation

*Dean Nance*, for plaintiffs.
*Melvin G. Levy* and *Lawrence Prattis*, for defendants.

REED, *J.*, October 15, 1974 — Plaintiffs, Orrin Skretvedt and Kathleen Skretvedt, instituted the present action in both assumpsit and trespass. Defendant, Richard G. Kelly & Son, Inc., filed preliminary objections to plaintiffs' complaint as a

demurrer and as a motion for more specific complaint.

Plaintiffs' complaint alleges that on January 10, 1971, they entered into a contract to purchase a lot and new home from defendant, Maple Corporation. On March 16, 1973, a deed of conveyance was executed and plaintiffs took possession.

They go on to allege that defendant, Richard G. Kelly & Son, Inc., was the builder of the house. Plaintiffs' contract however, was not with Kelly, but only with the Maple Corporation who was the vendor of the house and lot. Plaintiff's first count is in assumpsit and is based upon an alleged breach by defendants of an implied warranty of merchantability and suitability for intended purpose.

The first issue presented is whether a buyer of a new house which has alleged defects can maintain an action in assumpsit based on an implied warranty against a remote builder where there is no privity of contract between the buyer and builder.

Historically, the doctrine of privity of contract has been applicable to assumpsit actions based on an implied contract, however, the changing market, economic and social conditions have brought about a gradual demise of this rule. It is a rare occurrence in the modern market place when the ultimate consumer of a product transacts his purchase directly with the maker. It is for this reason, among others, that the courts of this Commonwealth and most other States no longer require privity in the area of product liability.

In Kassab v. Central Soya, 432 Pa. 217, 246 A. 2d 848 (1968), the Supreme Court held that a plaintiff could maintain a suit in assumpsit based on a breach of implied warranty against a defendant

manufacturer even though privity of contract did not exist.

Additionally, section 402A of the Restatement 2d, Torts, imposes liability on the seller or manufacturer of a defective product regardless of the lack of contractual relations between the seller and the injured party. See also Webb v. Zern, 422 Pa. 424, 220 A. 2d 853 (1966).

Kassab, supra, is buttressed by Salvador v. Atlantic Steel Boiler Co., 224 Pa. Superior Ct. 377, 307 A. 2d 398 (1973), wherein the court concluded that the doctrine of "horizontal privity" may no longer be invoked.

The reasoning, supported by policy consideration, in these product liability cases compels application of the same principles in the area of real property sales.

Our Supreme Court in Elderkin v. Gaster, 447 Pa. 118, 288 A. 2d 771 (1972), ruled that a *builder-vendor* impliedly warrants that the house he has built and is selling is constructed in a reasonable workmanlike manner and that it is fit for the purpose intended, namely, reasonable habitation. Having thus ruled out the doctrine of caveat emptor, and finding that an implied warranty exists from the builder-vendor of a new house to his vendee, we see no logical reason to limit the builder's warranty only to those cases where he is the vendor, and to his immediate vendee, that is, where privity exists. Liability for failure of the product should reasonably rest upon the one who makes or controls the making of the product consumers will purchase and use.

While this precise issue has not been resolved in this jurisdiction, the courts of other States have

subjected builders to liability in new house construction where the builders and first purchaser were not in privity: Uty v. Moss, 31 Colo. App. 475, 503 P. 2d 365 (1972). In Uty, supra, the court stated, at page 367:

"[T]he absence or presence of privity of contract, in the technical meaning of that term, is not dispositive of all cases. [Citation] The basis of the privity rule is to protect sellers from buyers who are not within the class of those reasonably intended to be protected when the product was offered for sale. [Citation] By so considering the rule we agree with the decision in Bolas that purchasers of used homes should not be protected by the original warranty. However, where, as in the case before us, the construction company knows, or should know, that the intended purchaser and first occupant will not be the realty company, but rather the initial home owner, the implied warranty of workmanlike construction extends to that first purchaser. Therefore we hold that (the defendant builder) was responsible to plaintiffs on an implied warranty [Citation]."

We here hold that where the builder of a house knows, or should know, that a realty company is only a middleman between him and the *first user-purchaser*, the builder's implied warranty extends to that *first purchaser*, the realty company-vendor is the conduit. Otherwise, the builder is insulated from all responsibility to the first vendee, and for reasons which have ceased to exist.

Defendant's second motion for more specific pleading will be granted.

In plaintiffs' first count against defendant, Kelly, they alleged that both defendant, Kelly, as builder and Maple as vendor of plaintiffs' home impliedly warranted that the house was constructed in a

reasonably workmanlike manner and was fit for habitation, but plaintiffs do not set forth with precision in what manner Kelly breached his warranty, nor specifically in what manner the house is not fit for habitation. A mere assertion that a warranty is breached does not meet the requirements of good pleading and is too vague and evasive: Harry M. Preis & Company v. Goldberg, 85 Dauph. 342 (1966).

Plaintiffs' third count sounding in trespass is equally objectionable. They merely alleged that defendant carelessly and negligently constructed and erected the building in question. Plaintiffs allege such negligence consisted in failing to construct the house in conformity with certain FHA regulations and not in conformity with commonly accepted standards of workmanship and failing to reasonably inspect and supervise the construction.

Plaintiffs have alleged only abstract and general standards of conduct and have failed to allege any specific acts of negligence on the part of defendant, Kelly.

The essentials of good pleadings require, at a minimum, that every material fact essential to plaintiffs' cause of action be averred with sufficient specificity and precision as to give defendant clear notice of the demands he is to meet: Rubino v. Walker, 56 D. & C. 2d 213 (1972).

Plaintiffs have also failed to comply with Pa.R.C.P. 1019-F, requiring all items of special damages to be specifically pleaded. Accordingly, plaintiffs are required to set forth specifically the amount of damages sustained and which can be attributed to each specific defect or problem: Bock v. DiAntonio, 39 D. & C. 278 (1952).

Accordingly, we enter the following

## ORDER

And now, October 15, 1974, defendant Richard G. Kelly & Son, Inc's motion for more specific complaint is granted; the said defendant's remaining preliminary objections are denied.

Plaintiffs, Orrin Skretvedt and Kathleen Skretvedt, are granted 20 days in which to file an amended complaint in conformance with this opinion.