323 N.E.2d 671 (1975)
William L. BARNES, June Barnes, Plaintiffs-Appellants,
v.
MAC BROWN AND COMPANY, INC., et al., Defendant-Appellees.
No. 1-874A121.
Court of Appeals of Indiana, First District.
March 4, 1975.
Charles C. Griffith, Johnson, Carroll & Griffith, Evansville, for appellants.
Thomas M. Swain, Trockman, Flynn, Swain & Tyler, James M. Buthod, Buthod & Barnett, Evansville, for appellees.
ROBERTSON, Chief Judge.
Barnes, the plaintiffs-appellants, are appealing the trial court's granting of the defendant-appellee Builder's motion to dismiss.
This appeal seeks to extend the holding of Theis v. Heuer (1971), 149 Ind. App. 52, 270 N.E.2d 764 (transfer granted and opinion adopted by the Supreme Court at 280 N.E.2d 300) to include second or subsequent purchasers of a *672 dwelling house under the builder-vendor's implied warranty of fitness for habitation. We decline to extend the Theis holding and for the reasons stated hereafter affirm the trial court.
In 1967 or 1968 the Builder built and sold a house to the Shipmans. In mid-October of 1971 the Shipmans sold the house to the Barnes. After moving into the house the Barnes discovered the basement leaked and that there was a large crack around three of the basement walls. The repair of the basement walls cost the Barnes $3500.
Barnes filed a complaint in two paragraphs. One charged the Builder with breach of implied warranty and the other alleged fraudulent concealment on the part of the Shipmans.
The Builder filed a motion to dismiss pursuant to Ind. Rules of Trial Procedure 12(B)(6) which was ultimately sustained in the trial court with this appeal resulting.
Barnes states the issue as being whether the builder-vendor's implied warranty of habitability extends to second or subsequent dwelling house purchasers when a latent defect later appears. The issue is novel to this court. Theis v. Heuer, supra, abolished caveat emptor between the builder-vendor and the first purchaser of a dwelling house, however, it is silent as to subsequent owners. Barnes argues that the reasoning used by the court in Theis in adopting the implied warranty of habitability in favor of first purchasers is equally applicable to extend the same protection to second or subsequent purchasers.
We do not agree.
The decision in Theis was based upon the "modern trend of well-reasoned authorities." Our examination of those authorities reveals that each adopted the implied warranty only in the instance of a sale of a new house to the immediate purchaser. Barnes has presented us with no authority or reasoning which compels us to extend the holding of Theis; nor are we convinced that the Supreme Court would have done so if the facts of the present case had been before it in Theis.
With several notable exceptions not applicable to this appeal, the general rule is that there is no implied warranty of fitness for habitation applicable to previously occupied houses. See: H.B. Bolas Enterprises, Inc. v. Zarlengo (1965), 156 Colo. 530, 400 P.2d 447; Wright v. Creative Corp. (1972), 30 Colo. App. 575, 498 P.2d 1179; Utz v. Moss (1972), Colo. App., 503 P.2d 365. Lack of privity in that the second or subsequent purchaser is not within the class reasonably intended to be protected by the warranty when the house was offered for sale by the builder-vendor is the primary reason for the rule.
Finding no error on the part of the trial court, the judgment is affirmed.
Judgment affirmed.
LOWDERMILK and LYBROOK, JJ., concur.