563 P.2d 976 (1977)
James J. DUNCAN and Hannah F. Duncan, Plaintiffs-Appellants,
v.
SCHUSTER-GRAHAM HOMES, INC., Defendant-Appellee and Third-Party Plaintiff-Cross-Appellant,
v.
George HUBBARD et al., Third-Party Defendants-Cross-Appellees.
No. 75-936.
Colorado Court of Appeals, Division 3.
March 3, 1977.
Rehearing Denied March 24, 1977.
Certiorari Granted May 9, 1977.
*977 Perkins, Goodbee, Mason & Davis, Robert J. Mason, Colorado Springs, for plaintiffs-appellants.
David C. Mize, Colorado Springs, for defendant-appellee and third-party plaintiff-cross-appellant.
Cole, Hecox, Tolley, Edwards & Keene, P. C., Lawrence A. Hecox, Colorado Springs, for third-party defendants-cross-appellees.
RULAND, Judge.
Plaintiffs, James and Hannah Duncan, appeal from a judgment denying their claim for damages against defendant, Schuster-Graham Homes, Inc. The judgment is affirmed.
The facts pertinent to this review are not in dispute. Duncans purchased a residence from Schuster-Graham in May of 1970. Prior to completing the purchase, Duncans were advised that Schuster-Graham had originally built and sold the home and then had subsequently repurchased it from the original buyers.
After Duncans assumed occupancy, various defects appeared in the residence including, inter alia, cracks in the basement floor, cracks in some of the walls and separation of certain walls from the floor and ceiling, and the separation of the fireplace from the wall of the residence. This deterioration developed over a period of approximately 18 months. While Schuster-Graham made some repairs, the more serious defects were not remedied, and the present litigation ensued.
Duncans' complaint sought recovery from Schuster-Graham for compensatory and punitive damages under the theories of express and implied warranty, as well as misrepresentation. Schuster-Graham sought indemnity by joining R. Keith Hook & Associates as third-party defendants on the basis of an allegedly inaccurate soil report performed by that firm for Schuster-Graham. Pursuant to a motion for summary judgment, Schuster-Graham contended that Duncans' claims against it were barred by the statute of limitations, § 13-80-127, C.R.S.1973, and R. Keith Hook & Associates asserted a similar defense as to Schuster-Graham's complaint against it. The trial court concluded that the action against Schuster-Graham was timely but that the action against R. Keith Hook & Associates was barred.
In the subsequent trial, the Duncans proceeded against Schuster-Graham solely on the theory of implied warranty of habitability. Following presentation of evidence by Duncans, the trial court ruled that the implied warranty of habitability applied only to new housing in this jurisdiction and that, therefore, Duncans were precluded from any recovery. We agree.
In Carpenter v. Donohoe, 154 Colo. 78, 388 P.2d 399 (1964), our Supreme Court held that a builder-vendor was obligated to purchasers of a new home by an implied warranty of habitability. See also Utz v. Moss, 31 Colo.App. 475, 503 P.2d 365 (1972). Under the rule announced in Carpenter, the builder-vendor warrants that he has complied with the building code of the area in which the structure is located, and that the *978 residence was built in a workmanlike manner and is suitable for habitation. The question of whether the warranty would extend to a used home was determined in H. B. Bolas Enterprises, Inc. v. Zarlengo, 156 Colo. 530, 400 P.2d 447 (1965), when the Court stated:
"There was no written or express warranty that the house was fit for habitation, and being a house previously occupied by the Macklins for some time, it was not a new house permitting reliance upon any implied warranty of fitness for habitation."
The rule in Bolas has been followed in Gallegos v. Graff, 32 Colo.App. 213, 508 P.2d 798 (1973), and Wright v. Creative Corp., 30 Colo.App. 575, 498 P.2d 1179 (1972). Accordingly, it is clear that the implied warranty of habitability does not apply to a used home in this jurisdiction. And, contrary to Duncans' assertion here, we find no support in the Colorado appellate decisions for the proposition that the implied warranty doctrine should be expanded. Thus we decline to extend the warranty to cover a used home merely because it was repurchased and resold by the original builder. See Blackwell v. Del Bosco, Colo., 558 P.2d 563 (1976); Samuelson v. Chutich, 187 Colo. 155, 529 P.2d 631 (1974); See also Wright v. Creative Corp., supra.
By reason of our affirmance of the trial court on the implied warranty issue, we need not consider Schuster-Graham's cross-appeal which challenges the trial court's ruling on the statute of limitations.
Judgment affirmed.
SMITH, J., concurs.
BERMAN, J., dissents.
BERMAN, Judge, dissenting.
Respectfully, I dissent.
I do not believe that the cases cited in the majority opinion prevent the application of an implied warranty of habitability to the home purchased by plaintiffs. The cases relied upon were, in the main, attempts to attach liability to the owner of a home who had previously purchased the home from a builder-vendor. In contrast here, a builder-vendor sold a home, then took it back because of, and in order to repair, defects in its construction, but then resold it with substantially the same defects as were originally present.
Under these circumstances, I believe an implied warranty of habitability should be enforced. We need not go as far as the Supreme Court of Indiana did in Barnes v. Mac Brown & Company, Inc., Ind., 342 N.E.2d 619 (1976), in holding that the implied warranty of fitness for habitation runs not only in favor of the first purchaser but to subsequent purchasers as well. But we certainly should make a builder-vendor responsible for his efforts to correct an unworkmanlike job when those efforts prove ineffective.
The builder-vendor here should be held to the same standard in making the repairs as he was in building the house originally, and that standard carried with it an implied warranty of habitability. To avoid that obligation he should be required to expressly disavow any warranties. See Casavant v. Campopiano, 114 R.I. 24, 327 A.2d 831 (1974).
We should not permit a builder-vendor to circumvent the warranty of habitability by rebuying a shoddily built home and then reselling it to a new purchaser.
Hence, in my view, we should hold that the trial court's dismissal of plaintiffs' claim was error, and should then address the affirmative defenses raised by the builder-vendor in its cross-appeal.