363 So.2d 142 (1978)
Stanley H. SIMMONS and Jane Anne Simmons, Appellants,
v.
Billy OWENS, Appellee.
No. HH-323.
District Court of Appeal of Florida, First District.
September 13, 1978.
Rehearing Denied October 31, 1978.
Terry P. Lewis, Tallahassee, for appellant.
Carl R. Pennington, Jr., and Davisson F. Dunlap, Jr., of Pennington, Wilkinson & Sauls, Tallahassee, for appellee.
MILLS, Acting Chief Judge.
The Simmons filed a complaint against Owens alleging that: Owens, a building contractor, constructed and sold a house to Snead; Owens negligently constructed the house contrary to the City of Tallahassee building code in that the clearance between the wood siding on a portion of the house and the ground was less than six inches; the defect was a latent defect which was not discoverable by reasonable inspection and was not discovered by Snead; the Simmons purchased the house from Snead; the latent defect was not readily discernable and was not discovered upon reasonable inspection by the Simmons; as a proximate result of Owens' negligence, the Simmons' house was damaged by water rot and termite infestation. They sought damages.
*143 Owens moved to dismiss the complaint for failure to state a cause of action. The trial court granted the motion because the complaint failed to allege facts disclosing a dangerous condition or unreasonable risk to third persons. The Simmons appeal contending the trial court erred. We agree and reverse.
The general rule is that a building contractor is not liable for injuries to third parties occurring after he has completed a building and it has been accepted by the owner. Slavin v. Kay, 108 So.2d 462 (Fla. 1959). This rule is subject to the exception that a contractor is not relieved of liability where he creates a dangerous condition or unreasonable risk which is latent and not discoverable by reasonable inspection. Slavin, supra.
In Forte Towers South, Inc. v. Hill York Sales Corp., 312 So.2d 512 (Fla.3d DCA 1975), the initial building owner brought suit against the contractor for negligent construction. It was alleged that the contractor negligently installed an air conditioning system. The defect was latent and was not discoverable by reasonable inspection. The Court concluded that a jury issue was raised as to whether the contractor was liable for damages to the building. There is no logical reason why this rule should not apply to a subsequent purchaser of the building.
The facts alleged in the complaint before us disclose a latent dangerous condition or unreasonable risk created by the contractor. Because Owens failed to comply with the City of Tallahassee building code, he created a latent condition or risk in the structure of the house that later caused water rot and termite infestation. Due to the negligent construction of the house it was damaged and repairs were required. These allegations state a cause of action. What the proof will show at subsequent discovery proceedings or at trial we do not know. But we are not concerned with that at the pleading stage.
Owens argues that no right of action exists in favor of a remote purchaser of a used house against the original contractor. The cases relied on by Owens are not applicable to the case before us. Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA 1972), holds that the first purchaser of a new house may sue the contractor for breach of implied warranties of fitness and merchantability. Oliver v. City Builders, 303 So.2d 466 (Miss. 1974); Utz v. Moss, 31 Colo. App. 475, 503 P.2d 365 (1972) and Duncan v. Schuster-Graham Homer, Inc., 563 P.2d 976 (Colo. App. 1977), hold that remote purchasers of houses may not sue the contractor under the theory of implied warranty. We are concerned with whether a remote purchaser of a used house may sue a contractor on the theory of negligence.
Owens fails to refer us to a single case which holds that the purchaser of a used house may not sue the contractor for negligent construction where a latent defect causes damage to the house.
We must be realistic. The ordinary purchaser of a home is not qualified to determine when or where a defect exists. Yet, the purchaser makes the biggest and most important investment in his or her life and, more times than not, on a limited budget. The purchaser can ill afford to suddenly find a latent defect in his or her home that completely destroys the family's budget and have no remedy or recourse. This happens too often. The careless work of contractors, who in the past have been insulated from liability, must cease or they must accept financial responsibility for their negligence. In our judgment, building contractors should be held to the general standard of reasonable care for the protection of anyone who may foreseeably be endangered by their negligence. Prosser, Torts, p. 519 (2d ed. 1955). But this is for our Supreme Court to decide. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). We urge it to do so.
"... The law should be based on current concepts of what is right and just and the judiciary should be alert to the never-ending need for keeping its common law principles abreast of the times. Ancient distinctions which make no sense *144 in today's society and tend to discredit the law should be readily rejected." Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA 1972).
The allegations of the complaint dismissed by the trial court are sufficient to state a cause of action. To hold otherwise would result in the anomaly of fault without liability and wrong without a remedy, contrary to our sense of justice and directly conflicting with the express mandate of the Florida Constitution, Declaration of Rights, that "every person for any injury done him... shall have remedy... ." Slavin v. Kay, 108 So.2d 462 (Fla. 1959).
We reverse the final order appealed and remand to the trial court for further appropriate action.
ERVIN, J., concurs.
BOOTH, J., dissents.