Kent ERICKSON, as trustee for
"Mountain Retreat Associates,"
Plaintiff–Appellee,

v.

Rupert OBERLOHR,
Defendant–Appellant.

No. 84CA1446.

Colorado Court of Appeals,
Div. I.

Dec. 10, 1987.

Nelson & Harding, P.C., Bruce Anderson, Denver, for plaintiff-appellee.

Fredric Butler, Eagle, for defendant-appellant.

VAN CISE, Judge.

In this action for damages for deceit based on fraud and for breach of express and implied warranties, defendant, Rupert Oberlohr, appeals the judgment entered on a jury verdict for plaintiff, Kent Erickson, as trustee of Mountain Retreat Associates (MRA). We affirm.

In 1979, Moss Construction, Inc., entered into a joint venture for investment purposes with Alfred D. Connel, the owner of a tract of land in Eagle–Vail. Connel transferred title to the land into the names of the joint venturers and a duplex was built on the land with Moss Construction as the general contractor. When construction was completed in February 1980, each joint venturer became the owner of one of the units.

Oberlohr was the president, a director, and a principal stockholder in Moss Construction. He had had experience in construction in Austria and 9 years in construction in the Vail area prior to this project. He participated in and supervised the construction of the duplex and personally performed some of the labor on it, including work on the solar heating system. Moss Construction owed money to Oberlohr, so it transferred its unit to him in mid-December 1980. The unit had not been lived in up to that time. Oberlohr rented the unit for two months while he was trying to sell it. It was sold to Erickson, as trustee, in mid-February 1981.

There was testimony that, before the sale, Oberlohr's realtor-agent furnished Erickson a sales brochure which stated that the unit contained solar heating that was 70% energy efficient and that would reduce the unit's heat and hot water costs by 70%. Soon after obtaining possession of the unit, however, Erickson discovered that the solar collectors had been installed upside down, so that their parabolic mirrors re-

flected sun out of the panels instead of collecting heat. An inspection of the system also revealed that some pipes were the wrong size, that the pipes were not properly insulated and leaked, and that they were incorrectly installed. Because of these defects, the solar heating system was not only incapable of supplying 70% of the unit's heat and hot water needs; it failed to produce heat at all.

After Erickson had the system repaired at his own expense, he brought this suit against Oberlohr, alleging fraud, misrepresentation, and breach of express and implied warranties. The jury returned a verdict for Erickson, awarding him $15,148.07 in damages for breach of warranty and nominal damages of $1 for fraud.

## I.

Oberlohr contends that the evidence at trial was insufficient either to support instructing the jury on the claim for breach of express or implied warranties or to support the jury verdict on that claim. We disagree.

## A.

As to the claim for breach of express warranty, Oberlohr argues that, since his agent's representations about the solar heating system merely repeated the manufacturer's estimate of the system's efficiency, no express warranty was ever made to Erickson. There is no merit to that argument.

■ An express warranty by a seller need not be in any particular form, *Rudd v. Rogerson*, 133 Colo. 506, 297 P.2d 533 (1956), and may be either written or oral. *Denver Suburban Homes & Water Co. v. Fugate*, 63 Colo. 423, 168 P. 33 (1917); *Colorado–Ute Electric Ass'n v. Envirotech Corp.*, 524 F.Supp. 1152 (D.Colo.1981). An averment at the time of sale, including repeating a manufacturer's statement, is a warranty by the seller, if so intended. Such intention may be inferred from circumstances revealed in the evidence. *Rudd v. Rogerson, supra.* Whether a particular statement constitutes an express warranty is generally a question of fact.

*Palmer v. A.H. Robins Co., Inc.,* 684 P.2d 187 (Colo.1984).

■ There was sufficient evidence from which the jury could infer that an express warranty concerning the solar heating system's efficiency was made by Oberlohr through his agent to Erickson. The evidence that the warranty was breached was overwhelming. Hence, that verdict will not be disturbed on appeal. *See Forsyth v. Associated Grocers of Colorado, Inc.,* 724 P.2d 1360 (Colo.App.1986).

## B.

As to the claim for breach of an implied warranty of workmanlike construction relating to the solar heating system, Oberlohr argues that he could not have breached such a warranty because: (1) Connel–Moss, a predecessor in title, was the builder-vendor and not Oberlohr; (2) Oberlohr contracted with Bradley James, and not with Erickson, James' assignee, for sale of the unit; and (3) Erickson was not the first purchaser and, therefore, the unit was "used" and not "new." We do not agree.

■ Generally, liability under an implied warranty theory occurs when the original buyer purchases from a builder-vendor a new home which contains a defect. *See Cosmopolitan Homes, Inc. v. Weller,* 663 P.2d 1041 (Colo.1983); *Duncan v. Schuster–Graham Homes, Inc.,* 194 Colo. 441, 578 P.2d 637 (1978); *Utz v. Moss,* 31 Colo. App. 475, 503 P.2d 365 (1972).

■ However, for purposes of the implied warranty of workmanlike construction, a "builder-vendor" is any seller who "either built, or participated in the building of, or supervised the building of, the property," *Davies v. Bradley,* 676 P.2d 1242 (Colo.App.1983), and who is "a person regularly engaged in building." *Mazurek v. Nielsen,* 42 Colo.App. 386, 599 P.2d 269 (1979). Oberlohr met the above qualifications and was, therefore, the builder-vendor in this transaction.

Also, Oberlohr, technically the original buyer, was not and did not intend to be an occupant, and merely held title for pur-

poses of sale through his realtor-agent. Therefore, the unit sold was a "new home" and Erickson was the "first purchaser" for warranty purposes. Oberlohr was responsible to Erickson on the implied warranty. *See Utz v. Moss, supra.*

■ Oberlorhr's argument that the unit was not "new" because it had been leased for two months to tenants is of no legal significance. The implied warranty extends to the first purchaser. *See Cosmopolitan Homes, Inc. v. Weller, supra.*

■ Also, Oberlohr's contention that the unit was not sold to Erickson because the contract for sale was in the name of another partner of MRA is without merit. The deed showed that Oberlohr conveyed the unit to Erickson, as trustee, and the contract thus merged into the deed. *See City of Westminster v. Skyline Vista Development Co.,* 163 Colo. 394, 431 P.2d 26 (1967).

■ Therefore, in light of testimony concerning the defective solar heating system, there was sufficient evidence to support instructing the jury on the implied warranty and to support its verdict for plaintiff on that claim. Moreover, the jury instructions correctly stated the law pertaining to express and implied warranties. *See Rudd v. Rogerson, supra; Thomas v. Bove,* 687 P.2d 534 (Colo.App.1984).

### II.

Oberlohr also argues that there was insufficient evidence to support either instructing the jury on the claim of fraud or to support its verdict for Erickson on that claim. We disagree.

■ Testimony adduced at trial established that Oberlohr's real estate agent represented as fact the efficiency of the solar heating system through a sales brochure. The agent's representations were made during the existence of the agency and in connection with the particular transaction which the agent was authorized to effect. The representations were thus binding on Oberlohr as a disclosed principal. *See Crawford v. Melvin,* 79 Colo. 414, 246 P. 283 (1926); *see also Cahill v. Readon,* 85 Colo. 9, 273 P. 653 (1929).

■ Oberlohr testified that he knew of problems with the system and did not inform Erickson about them before the sale. And, there is evidence that Erickson reasonably relied upon the stated efficiency of the heating unit in reaching his decision to purchase. Hence, evidence in support of all the elements of fraud was presented, *see Trimble v. City & County of Denver,* 697 P.2d 716 (Colo.1985), and the jury was properly instructed, and returned its verdict, on this theory of recovery. *See Varady v. White,* 42 Colo.App. 389, 595 P.2d 272 (1979).

Oberlohr asserts that the jury's award of nominal damages indicates that there was no evidence of fraud. However, the decision to award nominal damages does not imply an absence of liability. Here, it implies only an absence of damages separate from those awarded for the breach of warranty.

### III.

Oberlohr next argues that the trial court erred in instructing the jury on agency. Again, we disagree. The instructions on agency concerned Oberlohr's real estate agent, the scope of his authority, and the principal's liability for the agent's acts. These instructions were correct statements of the law, and were supported by evidence in the record. There was thus no error in giving them.

### IV.

We also disagree with Oberlohr's contention that the trial court erred in refusing to dismiss for failure to join MRA as an indispensable party.

C.R.C.P. 17(a) provides, in pertinent part: "Every action shall be prosecuted in the name of the real party in interest; but ... a party with whom or in whose name a contract has been made for the benefit of another ... may sue in his own name without joining with him the party for whose benefit the action is brought...."

■ MRA is a general partnership in which Erickson is a partner. Acting as

trustee for the partnership, Erickson purchased the unit for the benefit of MRA in February 1981; he conveyed the unit to MRA by deed in October 1981. Hence, as a "party with whom or in whose name a contract has been made for the benefit of another," Erickson is a real party in interest under C.R.C.P. 17(a). Moreover, a partner in whose name a contract was made may sue in his own name without joining other partners, *Monks v. Hemphill,* 121 Colo. 1, 212 P.2d 1004 (1949), although here Erickson sued as trustee for the named partnership.

 C.R.C.P. 19(a) provides that a person shall be joined as a party in the action if "in his absence complete relief cannot be accorded among those already parties." The test for the indispensability of a party, here MRA, is whether the absent person's interest in the subject matter of the litigation is such that no decree can be entered in the case that will do justice between the parties actually before the court without injuriously affecting the right of such absent person. *Civil Service Commission v. District Court,* 186 Colo. 308, 527 P.2d 531 (1974); *Intermountain Rubber Industries, Inc. v. Valdez,* 688 P.2d 1133 (Colo.App. 1984).

 As one of MRA's partners, Erickson retained an interest in the unit as partnership property, *see* § 7–60–125(1), C.R.S. (1986 Repl.Vol. 3A), and was empowered to act as an agent for the partnership. *See* § 7–60–109(1), C.R.S. (1986 Repl.Vol. 3A). Because Erickson acted as MRA's agent in bringing the suit, his interest in the partnership property was the same as the partnership's. The outcome of this case would thus have had the same effect on MRA's rights in the unit whether it was made a party to the suit or not. Therefore, MRA was not an indispensable party whose joinder was required under C.R.C.P. 19. *See Monks v. Hemphill, supra.*

### V.

Oberlohr's other contentions for reversal are without merit.

Because we do not find this appeal to be frivolous or groundless, Erickson's request pursuant to C.A.R. 38(d) for attorney fees on appeal is denied.

Judgment affirmed.

PIERCE and METZGER, JJ., concur.