Lewis D. FOLEY, Plaintiff,

v.

PHASE ONE DEVELOPMENT OF COLORADO, INC., Defendant–Appellee and Cross–Appellant,

and Concerning

Robert W. Johnson and Scott Johnson, Appellants and Cross–Appellees.

No. 87CA1475.

Colorado Court of Appeals, Div. II.

May 4, 1989.

Berniger, Berg, Rioth & Diver, P.C., Joseph W. Diver, Colorado Springs, Ferris, Brennan & Britton, Christopher Q. Britton, San Diego, Cal., for defendant-appellee and cross-appellant.

Michael D. Gross, P.C., Michael D. Gross, Colorado Springs, Holland & Hart, Gregory R. Piche, Colorado Springs, for appellants and cross-appellees.

STERNBERG, Judge.

The trial court awarded attorney fees to the defendant, Phase One Development of Colorado, Inc., against both plaintiff, Lewis D. Foley, and his attorneys, Robert W. Johnson and Scott Johnson. The Johnsons appeal, plaintiff does not, and the defendant cross-appeals. We reverse.

The Johnsons represented plaintiff in an action against his former employer, Phase One, in which plaintiff sought to recover certain interests in real estate projects allegedly due pursuant to a contract of employment. Phase One claimed that plaintiff had obtained his employment through fraudulent misrepresentations and sought rescission of the employment agreement.

During discovery, plaintiff admitted that, contrary to representations in his resume, he did not have a Ph.D., he had not taught at Southern Methodist University, he had not participated in a Naval Scientific program, he had not been a member of a Debating Society, he had not been a Project Manager for Trammel–Crow Corp., and he was not a retired Marine Corps officer who had been wounded in combat. It was also discovered that plaintiff had previously misappropriated funds, and that he had forged a contractor's signature to a bid for the renovation of his personal residence.

The parties thereafter took part in a settlement conference at which the settlement judge recommended a $60,000 settlement of plaintiff's claims against Phase One, dismissal of plaintiff's claim for an interest in Phase One's property, and dismissal of the counterclaim seeking rescission. When the parties did not settle, the case proceeded to trial.

At the close of plaintiff's evidence, the court dismissed the complaint on the grounds that plaintiff had obtained his employment fraudulently. The court found that plaintiff was "a liar, a cheat, a con man and was incompetent," and that representations made by the plaintiff were material, that such representations went directly to his ability, experience, integrity, and character, all of which were relevant to the position for which he was applying. The court ruled in favor of Phase One on its counterclaim for rescission and conversion.

Relying on § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A), Phase One moved for an assessment of attorney fees against plaintiff and the Johnsons because they had brought and maintained a substantially frivolous and groundless action. The motion was granted.

The court found that some $80,000 in fees had been incurred, and that they were reasonable, but, in reliance on *Ruffing v. Lincicome*, 737 P.2d 440 (Colo.App.1987), it reduced that amount by half because defendant had failed to file a motion for summary judgment as a means of limiting the costs of the litigation. The court halved that amount again because of the recommendations given to the parties by the settlement judge. Consequently, $20,000 in attorney fees was awarded Phase One against the Johnsons.

There is no question that, as finder of fact, the trial court had sufficient evidence before it to serve as a basis for entering judgment at the close of Foley's case against him on his claims and in favor of Phase One on its counterclaims. We hold, however, that the trial court erred in awarding attorney fees in favor of the defendant against plaintiff's counsel, the Johnsons.

Section 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) allows for the assessment of attorney fees against a party or

attorney who brings an action which the court determines lacks substantial justification. "Lack of substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious. Section 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A). A claim or defense is groundless if the allegations in the complaint are not supported by any credible evidence at trial. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

█ The Johnsons knew that plaintiff had made several fraudulent misrepresentations which would have a devastating effect on his credibility and could prove fatal to his claims. However, also before the court was the issue whether Phase One had relied upon the misrepresentations in entering into the contract of employment. We cannot, through hindsight, conclude that there was a lack of substantial justification for the Johnsons to continue to assert that Foley's misrepresentations had not been relied upon by Phase One in hiring him.

The credibility not only of Foley, but also of Phase One's officers, was at issue in determining whether Phase One relied on the fraudulent resume in hiring Foley. Plaintiff's lack of credibility, therefore, did not necessarily preclude the conclusion that Phase One had not relied on the misrepresentations. Had the court found that there was no justifiable reliance by Phase One on Foley's misrepresentations, then Phase One could not secure rescission of that contract. *See Erickson v. Oberlohr*, 749 P.2d 996 (Colo.App.1987).

We agree with the trial court that the reliance issue was "a very thin reed on which to base a lawsuit"; however, even so thin a reed supports the Johnsons contention that the award of attorney fees was error. For us to affirm the award of attorney fees against the Johnsons and apply § 13–17–102 would create an intolerable tension between that statute and Code of Professional Responsibility Canon 7, which requires that an attorney "zealously" represent a client. Because a client has been proved "a liar, cheat, and con man" does not necessarily mean that *all* of his contentions, as a matter of law, will fail because of his lack of credibility. Especially is that so when, as here, an issue requires an assessment of the credibility of other witnesses.

The judgment is reversed and the cause is remanded with directions to vacate the order that the Johnsons pay attorney fees to Phase One.

SMITH and FISCHBACH, JJ., concur.