ABRAHAM LEHMAN, Plaintiff, *v.* ALEXANDER REINER, Defendant.

Supreme Court, Kings County, February 8, 1926.

**Vendor and purchaser — land contract — contract providing property should be sold subject to certain restrictions covers only part of restrictions in prior deed — marketable title not shown.**

A provision in a contract for the sale of land, providing that the property sold is "subject to covenants and restrictions in former deeds prohibiting business buildings or carrying on of any trade, noxious trade," covers only such restrictions in a former deed as relate to buildings and noxious trades and does not include other restrictions contained in said deed.

Accordingly, the vendor cannot compel the specific performance of the land contract where it appears that the property is subject to restrictions in the former deed not included within the provision of the contract of sale.

ACTION for specific performance of contract for purchase of real property.

*Abel M. Silvan*, for the plaintiff.

*Mencher & Sacher* [*Harry Sacher* of counsel], for the defendant.

LEWIS, J. An action was commenced by the defendant against the plaintiff in the Municipal Court of the City of New York to recover moneys paid on account of the purchase price of the premises described in the complaint. After issue was joined in the Municipal Court this action was instituted by plaintiff for specific performance of the contract between the parties. Thereafter, by consent, an order was made consolidating the actions. Two motions are now made, one for the dismissal of the complaint on the ground that the reply interposed by the plaintiff to the defendant's affirmative defense is frivolous and raises no triable

30

issues, and the other for an order striking out the defendant's answer in the Municipal Court action and directing the entry of summary judgment pursuant to rule 113 of the Rules of Civil Practice. In the brief of the plaintiff herein it is stated: " Furthermore, as indicated and conceded by both sides on oral argument, the question submitted to the court is not whether the pleadings entitle either side to judgment, but one of judicial interpretation of a contract for the purchase of real estate. For that reason it was agreed that all technical objections to judgment on the pleadings be ignored and that the court shall render judgment in accordance with its judicial interpretation of the contract." The contract provides that the premises shall be sold " subject to covenants and restrictions in former deeds prohibiting business buildings or carrying on of any trade, noxious trade." The question for determination is whether the subjective clause in the contract includes the covenants and restrictions contained in a deed affecting the premises in question from the Norton Point Land Company to Alice M. Cooper, recorded in the office of the register of Kings county on July 24, 1900, in liber 9 of Conveyances, at page 185, which provides: " That neither the said party of the second part (Alice Cooper) nor her heirs or assigns shall or will erect, carry on or permit upon any part of said premises any carpenter shop, blacksmith shop, slaughter house, pig sty, stoneyard, smithshop, forge, furnace, machinery works, brass foundry, nail or other iron foundry or any manufactory of gunpowder, glue, varnish, vitriol, ink or turpentine or for the tanning, dressing or preparation of skins, hides or leathers or for the preparation of asphalt or any livery or other stable for horses or cows or any bone boiling or fat boiling establishment, or any brewery, malt house or distillery or any offensive, noxious or dangerous trade or business whatsoever." Restrictive covenants are in derogation of the common-law right to use land for all purposes that go with title and possession. Such provisions will not be extended by implication. (*McLean* v. *Woolworth Co.*, 204 App. Div. 118.) If the incumbrance is more onerous or different than that specified in the contract the purchaser may refuse to accept title. (*Elterman* v. *Hyman*, 192 N. Y. 113; 39 Cyc. 1487.) That part of the provision of the contract, " subject to covenants and restrictions in former deeds," is comprehensive enough to include all covenants and restrictions in former deeds and each and every part thereof. The words following, " prohibiting business buildings or carrying on of any trade, noxious trade," limit the general words which precede and are specific in character. Of all the restrictions contained in the former deed this portion of the clause designates those only falling within its

scope as the covenants and restrictions which are to affect the title to be conveyed. A carpenter shop, blacksmith shop, stone-yard, smithshop, forge, furnace and other specified trades clearly do not fall within the category of noxious trades. The title to be conveyed may not be impaired by any covenant or restriction which is not included within the scope of the words found in the subjective clause. The claim that the word " trade " preceding the words " noxious trade " should be given a meaning it would have had if used alone has no force. It is narrowed or curtailed by the word " noxious." General words are deemed to be limited by particular restrictions and it is not material whether the particular recital precedes or follows such general words. (*Mitchell* v. *Mitchell,* 170 App. Div. 452, 456.) The motion is, therefore, granted striking out the answer of the plaintiff in the Municipal Court action and granting judgment in favor of the defendant Reiner.