**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Hyman HURWITZ, Lillian Hurwitz, his wife, Rugby Knitting Mills, Inc., Rainbow Finishing Corporation, Harry Z. Rosenberg and Anna F. Rosenberg d/b/a H. Z. Rosenberg & Co. and Elmer Betkey d/b/a Betkey's Service Station, Defendants.**

United States District Court
S. D. New York.

July 28, 1959.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern Dist. of New York, New York City, for plaintiff. Marguerite R. de Smet, Asst. U. S. Atty., New York City, of counsel.

Samuel Ruderman, New York City, for defendant Hyman Hurwitz.

DAWSON, District Judge.

This is a motion by plaintiff for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A., granting summary judgment on the grounds that there is no genuine issue as to any material fact, and that plaintiff is entitled to judgment as a matter of law.

The basic action seeks to reform and foreclose a mortgage on certain real property, which mortgage was given to the plaintiff United States of America by the defendant Hyman Hurwitz.

All parties to the action have been served and the facts are as follows:

In order to compromise a claim of $85,048.84 asserted against him by the plaintiff, the defendant Hyman Hurwitz entered into a stipulation with the plaintiff by the terms of which the plaintiff reduced its claim to $19,692.12, which sum defendant promised to pay. It was also stipulated that this defendant would deliver to plaintiff a first mortgage covering certain property owned by him, as collateral security. This mortgage, upon which the instant suit is based, was thereafter delivered to the United States.

The stipulation and the mortgage provide that upon default in the payment of any installment the plaintiff might declare the entire indebtedness due and payable. Further, the mortgage contained a provision to the effect that it could not be modified or discharged orally.

The defendant's answer denies knowledge or information sufficient to form a belief as to virtually every allegation of the complaint. Plaintiff has annexed to its motion an affidavit and documents supporting each allegation. There is no documentation to the contrary in defendant's case. Apparently there is no genuine issue as to any material fact.

Defendant's answer contains a defense which, in essence, alleges that Hyman Hurwitz entered into negotiations with the plaintiff, as a result of which the plaintiff was to agree to permit him to obtain a new first mortgage on the condition that the proceeds thereof would be used to reduce the debt. Defendant alleges that he acted in reliance on this potential agreement, and when plaintiff subsequently refused to comply with the terms of the agreement, defendant was caused to be in default. Defendant maintains that plaintiff did not act in good faith and that he, the defendant, is now ready to proceed with completing the agreement.

The basic issue which this Court must decide is whether there is in existence any genuine issue of material fact which would preclude summary judgment. Subsidiary issues involve the power of the Court to reform and foreclose the mortgage; and the sufficiency of the defense as a matter of law.

A careful reading of the documents indicates that the mortgage, which was executed and delivered to the plaintiff by Hyman Hurwitz, contained a detailed description of the premises to be covered by the mortgage lien. However, as indicated in the complaint, the description of the premises as covered by the lien is at variance in slight fashion with the description of the property actually owned by Hyman Hurwitz at the time the mortgage was executed. Thus plaintiff desires to reform the mortgage so as to exclude from the description certain portions of a lot which the defendant did not own.

Based upon long-standing principles of equity this Court may exercise its discretion and reform the mortgage so as to give effect to the original intentions of the parties. There are certain principles of equity which are uncontrovertible. Primarily where an instrument is drawn and executed, and which is intended to carry into execution an agreement which by the mistake of the draftsmen does not fulfill the intention of the parties, equity may correct the mistake. Hunt v. Rousmaniere's Adm'rs, 1828, 1 Pet. 1, 26 U.S. 1, 7 L.Ed. 27; Brookman v. Kurzman, 1883, 94 N. Y. 272. Therefore, based upon these principles and an analysis of the intention of the parties in the instant action, the mortgage should be reformed.

By way of defense the defendant maintains that the negotiations entered into, looking to another agreement, were sufficient to create some form of estoppel and bind the plaintiff. Though

the parties clearly intended that the agreement be reduced to writing, a careful reading of the papers indicates that there was no written contract establishing the relationship or the rights which defendant now maintains he had. Since the effect of this potential agreement between plaintiff and defendant would be to change the mortgage already in effect, the failure to reduce this agreement to writing makes it contrary to the Statute of Frauds.

Section 282, subd. 1 of the New York Real Property Law provides:

"An executory agreement hereinafter made shall be ineffective to change or modify, or to discharge in whole or in part, a written agreement or other written instrument hereafter executed which contains a provision to the effect that it cannot be changed orally, unless such executory agreement is in writing and signed by the party against whom enforcement of the change, modification or discharge is sought or by his agent."

The mortgage in the instant action contained such a provision and thus could not be modified by oral agreement; hence, even if oral agreement had been reached, and even if this agreement were normally effective, it was unenforceable by reason of the Statute of Frauds.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment may be granted when there is no genuine issue as to any material fact. The plaintiff in the instant action has provided documentation sufficient to establish all its allegations. The defendant has not provided any contrary documentation. A mere general denial, unsupported by affidavits, does not raise an issue of fact against the uncontroverted affidavits of the plaintiff. Orvis v. Brickman, D.C., 95 F.Supp. 605, affirmed 1952, 90 U.S.App.D.C. 266, 196 F.2d 762. The purpose of Rule 56 is to eliminate a trial where a trial will result in delay and expense unnecessary to the cause of justice.

A careful reading of the material presented to this Court indicates that this motion should be granted.

For the reasons stated above plaintiff's motion for summary judgment in this action to reform and foreclose a mortgage is granted. Submit judgment in accordance herewith.