Frederick B. Bryant, J.
In this action for the foreclosure of a second mortgage, the plaintiffs move to strike from the answer defenses and counterclaims interposed by defendants, Perry and Gangl, and seek summary judgment of foreclosure against said defendants.
The facts are set forth in the pleadings and moving papers. The plaintiffs sold the real property which is the subject of the action to the defendant Perry in December, 1962. At that time Perry assumed the lien of the existing first mortgage held by the Savings Bank of Tompkins County and gave to the *1063 plaintiffs a second mortgage in the amount of $4,515, with interest, to he paid in full by February 11,1968. In February, 1967, Perry sold the property to the defendant Gangl, subject to the liens of the two mortgages which were assumed by the purchaser. The principal of the second mortgage was not paid on its due date and plaintiffs have brought this action to foreclose their mortgage.
The defendants, Perry and Gangl, do not dispute the essential allegations of the complaint. A dispute as to the amount actually due which was raised at the time of argument of the motion has been resolved by stipulation of the plaintiffs’ attorneys. The defendants, however, have interposed a counterclaim for $1,850 which they allege to be the cost of repairing defects allegedly existing at the time Perry bought the property. It is claimed by the defendants that there were defects in the plumbing, heating and electric system at that time.
The defendants base their counterclaim on two theories — first, that they are entitled to an implied warranty of fitness for purpose (rental of three apartments on the property) and for human habitation in general; and second, for fraud in the inducement. They assert that when Perry sold the premises to Gangl, he assigned to Gangl his rights and claims for such damages. The plaintiffs deny the defendants’ allegations and assert first, that there is no implied warranty in the sale of real estate; second, that Perry purchased the property “ as is third, that Perry had an opportunity to inspect before buying; and fourth, that Perry’s purchase offer did not include any provision as to utilities and appliances and that he is thus precluded from any claim of breach of warranty. It is also worth noting that attorney Leo J. Gangl, husband of the defendant Frances E. Gangl, represented the plaintiffs Spano at the time of their sale to Perry and was also the real estate broker who arranged such sale. Subsequently, attorney Gangl represented hs wife, Frances Gangl, when she purchased the property from Perry and he is now the attorney for the defendant Perry. The plaintiffs assert that attorney Gangl inspected the premises, prepared the purchase offer executed by Perry and that he conveyed his knowledge of the premises to the defendants, thereby precluding any claim for breach of warranty or fraud on their part.
Although breach of implied warranty for fitness is recognized in the sale of personal property (Uniform Commercial Code, § 2-315) no basis in either statutory or case law has been found for asserting an alleged breach of warranty for fitness in the sale of a completed home. The applicable New York *1064 statute, section 251 of the Real Property Law, would appear to exclude such warranties. (See Staff v. Lido Dunes, 17 Misc 2d 322; Town of Ogden v. Howarth & Sons, 58 Misc 2d 213.) The same ruling is true with reference to the claimed implied warranty of habitability. In submitting a recommendation to the New York Legislature for an amendment to the Real Property Law covering warranties, the Law Revision Commssion included a study outlining the cases found on the subject (N. Y. Legis. Doc., 1967, No. 65[A]). This study notes that decisional law in States other than New York shows a trend toward implying a warranty of habitability in a contract for the sale of a house which is not completed at the time the contract is made. Normally, delivery of the deed extinguishes the warranty on the theory that all rights unless reserved are merged in the deed and the cases cited in the study refused to revoke that rule. The Law Revision Commission concluded that the reason for the trend toward recognition of implied warranties of habitability in the real property field is ‘ ‘ [A] recognition that housing is a commodity. Viewed as a commodity, however, a dwelling fabricated and sold by a builder-vendor becomes subject to doctrines such as implied warranty formerly applied only to chattels.” (p 73).
The present ease is entirely different from those discussed in the study of the Law Revision Commission. The premises in question were not only completed buildings at the time of sale, but were not even new. It appears that the buildings at that time were some 65 years old. Nor can the plaintiffs sellers be described in any sense as builders-vendors. In short, whatever the trend may be towards recognizing implied warranty of fitness for habitablity with regard to new or uncompleted dwellings, this court is satisfied that there is no basis here for an assertion of breach of implied warranty and this counterclaim must be dismissed.
The counterclaim for fraud appears to state a cause of action. It is noted that the claimed damages, whether based on fraud or breach of warranty, are in the same amount — $1,850. The defendants assert that they are able and willing to pay the principal amount of the defaulted mortgage but plead that the claimed damages for fraud should be deducted from the amount due. However, any damages for an alleged fraud on the part of the sellers-mortgagees are unliquidated and cannot be reduced to a liquidated claim until a plenary trial of the fraud issue. The plaintiffs should not be required to await the outcome of such trial before recovering either the mortgage debt or the benefits of a foreclosure.
*1065 This court, therefore, severs the asserted counterclaim for fraud and directs that it be tried as a separate issue, either with or without a jury as the defendants may choose, at a subsequent term of this court. The court holds that the plaintiffs are entitled at this time to a judgment of foreclosure and to the entry of an order of foreclosure and the appointment of a Referee to compute the present amount due to the plaintiffs and to the defendant, Savings Bank of Tompkins County. Thereafter, the mortgaged property may be sold by judicial sale in accordance with the provisions of the Real Property Actions and Proceedings Law.