CITY BUYING SERVICE, INC., Appellant, v. 224 VAN WAGNER ROAD CORP. et al., Respondents. (Action No. 1.) RIVER REALTY CORPORATION et al., Respondents, v. CITY BUYING SERVICE, INC., Appellant, et al., Defendant. (Action No. 2.) JOSEPH EFFRON, Respondent, v. CITY BUYING SERVICE, INC., et al., Appellants, et al., Defendant. (Action No. 3.) JIL MIC, INC., Respondent, v. CITY BUYING SERVICE, INC., Appellant. (Action No. 4.) — These are cross appeals by City Buying Service, Inc., (plaintiff in Action No. 1 and a defendant in Actions Nos. 2, 3 and 4) and River Realty Corporation and Joseph Effron (plaintiffs in Action No. 2 and defendants in Actions Nos. 1 and 3) from an order of the Supreme Court, Dutchess County, entered June 12, 1973, covering all four actions. Action No. 1 is to recover damages for improper repair of the roof of a building; Actions Nos. 2 and 3 are for foreclosure of second and first mortgages, respectively, on the subject premises; and Action No. 4 is by a lessee of the building to recover for property damage caused by the condition of the roof. The appeal by City Buying Service, Inc., as limited by its notice of appeal and its briefs, is from so much of the order as (1) denied its motion to consolidate the actions, without prejudice to renewal; (2) granted the following motions: (a) by defendant River Realty Corporation to dismiss the complaint in Action No. 1 on the ground that it fails to state a cause of action against said defendant; (b) by plaintiffs in Action No. 2 for summary judgment and related relief; (c) by plaintiff in Action No. 3 for summary judgment and related relief; and (d) by Joseph

Effron and River Realty Corporation, as defendants in Action No. 3, to dismiss cross claims of City Buying Service, Inc., as a defendant; and (3) directed City Buying Service, Inc., to deposit into court all arrears on the mortgages and continue to deposit the monthly mortgage payments into court pending determination of its claims in Action No. 1. The appeal by River Realty Corporation and Joseph Effron is from so much of the order as (1) denied Joseph Effron's motion to dismiss the complaint in Action No. 1 as insufficient against him and (2) stayed enforcement of foreclosure judgments in Actions Nos. 2 and 3 pending determination of the claim of City Buying Service, Inc., against Joseph Effron in Action No. 1. Order modified by striking the seventh decretal paragraph thereof, which stayed enforcement of the foreclosure judgments in Actions Nos. 2 and 3. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to Joseph Effron and River Realty Corporation jointly against City Buying Service, Inc. City Buying Service, Inc., contends that it is justified in refusing to pay what is owing on the mortgages because mortgagee Effron has allegedly breached his written guarantee that the roof of the mortgaged property would be repaired and he has allegedly conspired with the contractor engaged to make repairs thereto to willfully make negligent repairs so that the roof leaks. Effron's guarantee states that the roof will be repaired and payment for the repair made, "as per a memorandum attached hereto and made a part hereof", which memorandum was made by Golden Home Construction Co. bearing the date August 12, 1971, and included an estimate of $1,000 for the work to be done. The guarantee does not form any tenable basis for the unliquidated damages sought by City Buying against Effron. All the memorandum states is that Golden will "cover entire roof of 224 Corporation store building with hot tar application roof. Price $1,000." It is uncontradicted this was done; there is no claim to the contrary; the $1,000 was paid. Under fundamental rules of contract construction, we find that all that Effron guaranteed was that the roof would be hot-tar covered and $1,000 would be paid therefor (cf. *Mitchell* v. *Mitchell,* 170 App. Div. 452, 456; *Lehman* v. *Reiner,* 126 Misc. 465, 466; *Continental Bank & Trust Co. of N. Y.* v. *Chemical Bank & Trust Co.,* 51 N. Y. S. 2d 903, 907, affd. 268 App. Div. 858; *Dyner* v. *Collins,* 41 N. Y. S. 2d 88, 91, 92). Thus, Effron's guarantee reasonably can be construed as an agreement by him to indemnify City Buying and its tenant (plaintiff in Action No. 4) for all damages suffered and which might be suffered by them as a result of leaks in the roof. Giving the complaint in Action No. 1 the benefit of all reasonable inferences in favor of City Buying, and assuming its allegations are true, it asserts a legally sufficient, even though arguably tenuous claim, against Effron for unliquidated damages. However, that complaint should not be allowed further to prevent Effron and River Realty from collecting the money owing to them on their mortgages, for which summary judgments have been granted by the Special Term (cf. *Jackson* v. *Marcus,* 18 A D 2d 1111; *Spano* v. *Perry,* 59 Misc 2d 1062). Accordingly, we are modifying the order of the Special Term by vacating the stay of the enforcement of the foreclosure judgments. Hopkins, Acting P. J., Martuscello, Latham, Christ and Brennan, JJ., concur.