388 A.2d 804.

Irving E. Sousa *et al.* *v.* Arthur Albino, Jr. *et al.*

JULY 14, 1978.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Bevilacqua, C.J.   This civil action was brought by the plaintiffs, Irving E. and Lita A. Sousa, against Arthur Albino, Jr., and Joseph E. Amaral to recover damages incurred by the defendants' alleged breach of an implied warranty of habitability. A justice of the Superior Court granted the defendants' motion to dismiss the suit pursuant to Super. R. Civ. P. 12(b)(6). From that judgment the plaintiffs have appealed to this court.

In their one-count complaint, plaintiffs allege that defendants sold them a house which was unsuited for its intended use as a family residence because its heating system was inadequate. Additionally, plaintiffs aver that since defendants are "dealers in real estate"[1] they are in a position

---

[1] In the complaint the plaintiffs allege that the defendants are "dealers in real estate." In their brief and during oral argument, the plaintiffs asserted that the

of superior expertise with respect to the condition of the house and that they knew or should have known the house in question was unsuited for a family dwelling. The issue before us is whether the implied warranty of habitability applies to the sale of a used home where the vendor was not the builder.

The sole function of a 12(b)(6) motion is to challenge the sufficiency of the complaint. *Palazzo* v. *Big G Supermarkets, Inc.*, 110 R.I. 242, 292 A.2d 235 (1972). A motion to dismiss brought pursuant to Rule 12(b)(6) should not be granted unless it appears beyond a reasonable doubt that the plaintiff is not entitled to any relief no matter what statement of facts could be proved in support of his claim with all doubts resolved in the plaintiff's favor and all of his allegations accepted as true. *Goldstein* v. *Rhode Island Hospital Trust National Bank*, 110 R.I. 580, 296 A.2d 112 (1972). It is erroneous to grant defendant's request when plaintiff alleges enough facts which, if sustained by proof, would warrant relief. *Noble Co.* v. *Mack Financial Corp.*, 107 R.I. 12, 264 A.2d 325 (1970). A dismissal under Rule 12(b)(6) should be granted only when a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Goldstein* v. *Rhode Island Hospital Trust National Bank*, 110 R.I. 580, 296 A.2d 112 (1972); 5 Wright & Miller, *Federal Practice and Procedure* §1357 at 604 (1969). There is such bar apparent in plaintiffs' complaint.

In *Padula* v. *J.J. Deb-Cin Homes, Inc.*, 111 R.I. 29, 298 A.2d 529 (1973), this court enunciated that when a builder-vendor sells a house, either new or under construction, he implicitly warrants that the construction has been or will be done in a workmanlike manner and that the dwelling will be reasonably fit for human habitation. In that case we refused to apply the doctrine of caveat emptor to the transaction under consideration and articulated that to apply the ancient

phrase was used to connote that the defendants regularly purchased and reconditioned used residential property for resale to the general public. The trial justice found that the defendants were merely real estate agents.

common-law rule to an inexperienced buyer, and in favor of a builder who is daily engaged in the business of building and selling new houses, is manifestly a denial of justice.

The question of whether the implied warranty of habitability should apply to the sale of a house by a builder-vendor wherein there had been an intervening tenancy for less than 1 year was answered in *Casavant* v. *Campopiano*, 114 R.I. 24, 27, 327 A.2d 831, 833 (1974), where the court stated:

> "Compelling public policy discussed in *Padula* favors implying such warranties in appropriate cases, and this court will not allow [that] policy to be defeated solely because of an intervening tenancy, particularly where the builder-vendor created such intervening tenancy for the purpose of promoting the sale of the property."

The plaintiffs argue that the rules established in *Padula* and *Casavant* should be applied and extended to the facts in the instant case. In support of their position they contend that because defendants are "dealers in real estate," they are in a much stronger bargaining position than plaintiffs and that they knew or should have known of the defective condition of the heating system. We cannot agree.

While the thrust of *Padula Casavant* rules was to afford protection to home buyers from the overreaching of knowledgeable and unscrupulous builder-vendors, it is our opinion that the instant case is outside the purview of those holdings because plaintiffs have failed to allege in the complaint that defendants were builder-vendors of a new house.[2]

Our research discloses that the numerous courts which have recognized and invoked the implied warranty of habitability have almost uniformly limited its application to actions by buyers of new homes against builder-vendors. *See* Annot., 25 A.L.R.3d 383, 413-419 (1969). The applicability of the implied warranty is based upon the premise that, with

---

[2]During oral argument, the plaintiffs conceded that the house in question was "a very old house."

respect to the sale of new homes, the purchaser has little choice but to rely upon the integrity and professional competence of the builder-vendor. The public interest dictates that if the construction of a new house is defective, its repair cost should be borne by the responsible builder-vendor who created the defect and is in a better economic position to bear the loss, rather than by the ordinary purchaser who justifiably relied upon the builder's skill. *See Schipper* v. *Levitt & Sons, Inc.,* 44 N.J. 70, 91, 207 A.2d 314, 326 (1965).

Whatever the trend may be towards recognizing the implied warranty of fitness for habitability with regard to new or uncompleted dwellings, there is no basis here to extend the warranty to cover the sale of a used home by a nonbuilder-vendor. *Coburn* v. *Lenox Homes, Inc.,* 173 Conn. 567, 378 A.2d 599 (1977); *Duncan* v. *Schuster-Graham Homes, Inc.* 563 P.2d 976 (Colo. App. 1977); *Cohen* v. *Blessing,* 259 S.C. 400, 192 S.E.2d 204 (1972); *Spano* v. *Perry,* 59 Misc. 2d 1062, 301 N.Y.S.2d 836 (1969). On the resale of used housing the vendor usually has no greater skill relevant to determining the quality of a house than the purchaser. *Waggoner* v. *Midwestern Development, Inc.,* 83 S.D. 57, 154 N.W.2d 803 (1967).

Accordingly, we hold that the implied warranty of habitability does not apply to a used house sold by a nonbuilder. We have found no support for the proposition that the implied warranty doctrine should be expanded. Therefore, in order for plaintiffs to successfully invoke the doctrine, they should allege that the house, in question, is new and that it was purchased from a builder-vendor.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Oster, Fay, Groff & Prescott,* for plaintiff.

*Aisenberg and Dworkin, Dean N. Temkin,* for defendant.