■ CHEMICAL BANK, Appellant, v EUGENE WEISS et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered September 26, 1980 in Albany County, which granted the cross motion of various defendants to serve an amended answer and denied plaintiff's motion to dismiss the affirmative defenses and counterclaims contained in defendants' answer. In 1973, plaintiff Chemical Bank loaned defendant M. L. M. Associates, Inc. (MLM), $1,650,000 and took back a first mortgage on an apartment complex in Colonie, New York. MLM subsequently conveyed title to the complex to defendant Colonie Associates (Associates) subject to the mortgage lien of plaintiff. Defendant Eugene Weiss was a general partner of Associates and chief executive officer of MLM. Plaintiff and MLM executed a modification agreement on December 31, 1977, wherein plaintiff agreed to reduce the principal due under the mortgage and note to $1,150,000. On the same date, Weiss and plaintiff executed two contracts of guarantee concerning MLM's obligation under the modified mortgage and note agreement to pay certain back taxes owing on the complex property and interest payments due under the note. Also, on December 31, 1977, Associates reconveyed title to the complex to MLM. A week later, MLM reconveyed title to the complex back to Associates. Subsequently, MLM failed to pay the back taxes and the interest due under its modified mortgage and note agreement. Plaintiff thereafter commenced the instant action. In its complaint, plaintiff asserts two causes of action. The first seeks to foreclose on the mortgage and note, as modified. The second seeks judgment against Weiss on his two guarantee contracts relating to MLM's obligations to pay the back taxes and interest due under the note. Defendants' answer, as amended, asserts an "affirmative defense and counter-claim" against each of the causes of action. In the mortgage foreclosure action, defendants allege the formation of an oral

contract, purportedly executed prior to the modification agreement between plaintiff and MLM, wherein plaintiff agreed to loan Associates (as record owner of the complex) $250,000 so as to enable it to pay the unpaid property taxes due on the property. Defendants allege that MLM "expressly relied" upon such oral contract, that such contract was "re-made and renewed on May 21, 1979", and that plaintiff breached such agreement by failing to loan Associates the money. It is further alleged that plaintiff's "wrongful" institution of the foreclosure action and its subsequent successful application for the appointment of a Receiver have damaged defendants' business reputations. As to plaintiff's second cause of action for money damages against Weiss for breach of his guarantee contracts, Weiss asserts that the breach of the purported oral contract between plaintiff and Associates discharges him from liability. Special Term denied plaintiff's motion to dismiss both affirmative defenses and counterclaims and granted defendants' cross motion for permission to serve an amended answer. This appeal ensued. The original mortgage, the mortgage modification agreement and the guarantees each contain a provision prohibiting oral modification or discharge. Pursuant to subdivision 1 of section 15-301 of the General Obligations Law, a written instrument containing such a provision "cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought". An examination of the pleadings, including the amended answer. persuades us that the oral agreement alleged by defendants constitutes an executory agreement to change the mortgage, mortgage modification agreement and guarantee of payment of real estate taxes, and it is, therefore, ineffective. The mortgage and mortgage modification agreement provide that the mortgagor shall pay all real estate taxes. In the guarantee of payment of real estate taxes, defendant Weiss guaranteed that all real estate taxes would be paid and promised to pay them if the mortgagor defaulted. The alleged oral agreement requires the plaintiff mortgagee bank to provide the funds for the payment of certain unpaid real estate taxes. In our view, an agreement whereby the mortgagee bank is to extend additional funds for the payment of real estate taxes, which the mortgagor has expressly agreed to pay in the mortgage, constitutes a modification of the mortgage (cf. *United States v Hurwitz*, 174 F Supp 925). For the same reason, the alleged oral agreement constitutes a modification of the guarantee of payment of real estate taxes. Defendants' claim on appeal that the alleged oral agreement is collateral to and independent of the written instruments is totally inconsistent with their use of the alleged agreement as an affirmative defense. In other words, having alleged that the purported oral agreement is so related to and intertwined with the written instruments that plaintiff's breach of that agreement bars plaintiff from foreclosing on the mortgage or bringing an action on the guarantee, defendants cannot now avoid the effect of section 15-301 of the General Obligations Law by claiming that the alleged oral agreement is a collateral and independent one (see *Mitchill v Lath,* 247 NY 377). Similarly, given the close relationship between the corporate defendant, the individual defendant Weiss and the partnership, defendants cannot avoid the consequences of section 15-301 of the General Obligations Law by claiming that the parties to the written instruments are different from the parties to the alleged oral agreement (see *Mitchill v Lath, supra)*. To conclude otherwise would exalt form over substance. Accordingly, Special Term's order should be modified by reversing so much thereof as denied plaintiff's motion to dismiss the affirmative defenses and counterclaims, and the motion should be granted. Order modified, on the law, by reversing so much thereof as denied plaintiff's motion to dismiss the affirmative defenses and counterclaims, and motion

granted, and, as so modified, affirmed, with costs. Mahoney, P.J., Casey and Weiss, JJ., concur; Mikoll and Yesawich, Jr., JJ., dissent and vote to affirm in separate memoranda.

Mikoll, J. (dissenting). I respectfully dissent. In my view plaintiff's contention that the parol evidence rule and section 15-301 of the General Obligations Law bar defendants from pleading the existence of a separate and independent contract as an affirmative defense to its mortgage foreclosure cause of action should be rejected in the posture in which this case is presented for our review. I would, therefore, affirm. The "affirmative defense and counter-claim" *arguably* set forth the alleged oral agreement between plaintiff and Associates as a separate and independent contract collateral from the mortgage and note agreement executed between plaintiff and MLM. Plaintiff's motion to dismiss pursuant to CPLR 3211 was unaccompanied by affidavits or other supporting papers. Such factual allegations are, therefore, deemed true for purposes of determining the legal sufficiency of defendants' "affirmative defense and counter-claim" (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3211:39, p 42; 3211:24, pp 30-31). The alleged oral contract between plaintiff and Associates is arguably *not* pleaded to contradict or vary the terms of the modified mortgage and note agreement between plaintiff and MLM but, rather, as a separate and independent contract (see *Mitchill v Lath,* 247 NY 377). In this context, the parol evidence rule is inapplicable at this stage of the proceedings. The rule applies only to controversies between parties to the written agreement and may not be invoked against another who is not such a party *(Folinsbee v Sawyer,* 157 NY 196, 199). Associates was not a party to the written agreement and plaintiff may, therefore, not invoke the parol evidence rule against Associates. Similarly, the provisions of section 15-301 of the General Obligations Law are not applicable. I would further conclude that plaintiff's remaining contention that Special Term erred in not severing the affirmative defenses and counterclaims and in failing to grant it summary judgment on its mortgage foreclosure cause of action is without merit. In view of the identity of issues, the interrelationship of the parties and the lack of any indication that joinder will result in confusion, undue delay or substantial prejudice, it appears to me that Special Term acted properly.

Yesawich, Jr., J. (dissenting). Subdivision 1 of section 15-301 of the General Obligations Law bars MLM from asserting that the oral agreement, alleged to have been entered into between plaintiff, Associates and Weiss, altered MLM's obligation under its mortgage and subsequent modification agreement. For that reason, plaintiff's cause of action to foreclose should have been granted, at least as against MLM. Though insufficient insofar as MLM is concerned, the answer does include valid causes of action on behalf of Associates and Weiss, namely that the claimed oral agreement said to have been entered into between them and plaintiff was separate from and independent of any written agreement between plaintiff and MLM. Subdivision 1 of section 15-301 of the General Obligations Law offers no impediment to Associates' counterclaim for it had not entered into any such written agreement with plaintiff. As for defendant Weiss, the personal guarantees he executed do proscribe oral modification or discharge of those instruments. However, the recited consideration for his guarantee was reinstatement and modification of MLM's mortgage. That, in my view, does not necessarily foreclose the existence of a separate and independent agreement by plaintiff to lend Associates (the record holder of the property) and Weiss (a general and managing partner of Associates) $250,000 to enable them to reduce unpaid taxes on the property. Dealing, as we are, with unverified pleadings unaccompanied by affidavits, I am unwilling at this stage to draw any conclusions as to the nature of the

relationship existing between these defendants and MLM. When it is considered that Associates and Weiss are seeking unliquidated damages, plaintiff should not be compelled to await the outcome of a plenary trial of those counterclaims before it can proceed to foreclose. The counterclaims can be severed and tried separately *(City Buying Serv. v 224 Van Wagner Rd. Corp.,* 44 AD2d 711; *Spano v Perry,* 59 Misc 2d 1062), and I would so direct.