■ CHEMICAL BANK, Appellant, v EUGENE WEISS et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered November 12, 1981 in Albany County, which denied plaintiff's motion for summary judgment. As set forth in *Chemical Bank v Weiss* (82 AD2d 941, app dsmd 54 NY2d 831), plaintiff Chemical Bank loaned defendant M.L.M. Associates, Inc. (MLM) $1,650,000 and took back a first mortgage on an apartment complex in Colonie, New York. Thereafter, MLM conveyed title to said premises to defendant Colonie Associates (Associates) subject to plaintiff's mortgage lien. Defendant Weiss was a general partner of Associates and chief executive officer of MLM. On December 31, 1977, plaintiff and MLM executed a "modification agreement" wherein plaintiff agreed to reduce the principal due under the mortgage and note to $1,150,000. On the same day, Weiss and plaintiff executed two contracts of guarantee pertaining to MLM's obligation under the modified mortgage and note agreement to pay certain back taxes owing on the premises and interest payments due under the note. Also on the same day, Associates reconveyed title to the premises to MLM. One week later, MLM reconveyed title to the premises back to Associates. Thereafter, MLM failed to pay the back taxes and the interest due under the modified mortgage and note agreement. Plaintiff then instituted the instant action in April, 1980. The complaint sets forth two causes of action. The first, alleging MLM's failure to pay the back taxes and interest due on the note, seeks to foreclose on the modified mortgage and note agreement. The second seeks judgment against Weiss on his two contracts of guarantee pertaining to MLM's obligations to pay the back taxes and interest due under the note. Defendants' amended answer sets forth an "affirmative defense and counterclaim" against each of plaintiff's causes of action. As to plaintiff's mortgage foreclosure claim, defendants deny the material allegations of said claim, "but only under the facts and circumstances set forth" in their "affirmative defense and counterclaim". Therein, defendants allege the formation of an oral contract wherein plaintiff agreed to loan Associates $250,000 so as to

enable it to pay the unpaid taxes due on the premises. Defendants allege that plaintiff's breach of said agreement led to Associates' inability to pay the back taxes which, in turn, enable plaintiff to institute foreclosure proceedings under its modified mortgage and note agreement with MLM. As to plaintiff's second cause of action on Weiss' guarantee contracts, defendants deny the material allegations of said claim, "but only under the facts and circumstances set forth" in their affirmative defense and counterclaim. Therein, defendants assert that plaintiff's breach of the oral contract to lend $250,000 to Associates discharges Weiss from liability under his guarantee contracts. Plaintiff thereafter moved pursuant to CPLR 3211 (subd [a], par 7; subd [b]) for an order dismissing both "affirmative defenses and counterclaims", striking the "conditional denials" in defendants' amended answer, and for an order appointing a referee to compute the amount due under the mortgage and note agreement. Special Term denied plaintiff's motion in its entirety. On appeal, this court modified said order "on the law, by reversing so much thereof as denied plaintiff's motion to dismiss the affirmative defenses and counterclaims, and motion granted, and, as so modified, affirmed" (*Chemical Bank v Weiss, supra,* pp 942-943). Subsequently, plaintiff moved pursuant to CPLR 3212 for an order "striking out" the amended answer and granting it summary judgment on its two causes of action. Special Term denied the motion and this appeal ensued. Defendants argue that because this court did not reverse that part of Special Term's order which denied the initial CPLR 3211 motion to strike the conditional denials in the amended answer, the conditional denials are still intact. The question of whether the conditional denials are still intact, however, is not the decisive issue here, since mere denials of the elements, without evidentiary facts in support thereof, are not sufficient to defeat a motion for summary judgment (see *Bankers Trust of Rockland County v Keesler,* 49 AD2d 918). In this regard, defendants' papers recite and reargue the factual allegations which formed the basis for its two affirmative defenses and counterclaims involving plaintiff's alleged oral promise to lend $250,000 to Associates. In our prior decision in this matter, we found said affirmative defenses and counterclaims ineffective as a matter of law (*Chemical Bank v Weiss,* 82 AD2d 941, *supra*). This court's decision is the law of the case and defendants are barred from relitigating it (see Siegel, New York Practice, § 448, pp 593-594). Plaintiff's motion for summary judgment must, therefore, be granted. Order reversed, on the law, without costs, motion for summary judgment granted and matter remitted to Special Term for the appointment of a referee to compute the amount due under the modified mortgage and note agreement. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.