**WILSON AUTO ENTERPRISES, INC., and Arthur Wilson, Plaintiffs,**

**v.**

**MOBIL OIL CORPORATION, and John Does 1–10, and Mobil Oil Corporation's Agents, Servants, or Employees, Defendants.**

**Civ. A. No. 91–359L.**

United States District Court, D. Rhode Island.

Nov. 19, 1991.

Arthur E. Chatfield, III, Providence, R.I., for plaintiffs.

Joseph H. Hameline, Rosemary M. Allen, Mintz, Levin, Cohn, Ferris, Golvsky & Popeo, P.C., Boston, Mass., Richard W. Mac-Adams, MacAdams & Wieck, Providence, R.I., for defendants.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

### I. INTRODUCTION

At issue is whether a purchaser of real estate has a cause of action in negligence, trespass, nuisance, or strict liability against a former lessee of the seller for damages allegedly resulting from the lessee's chemical contamination of the property. In November 1988, Arthur Wilson bought a parcel of developed land in Foster, Rhode Island, from an entity named Little Rest Realty Company ("LRRC"). Before this transaction, Mobil Oil Corporation had leased the land, for the operation of a retail gas station, for several decades from LRRC and its predecessors. Mobil's lease with LRRC (the "Lease") ended four months before Wilson bought the property, and Mobil vacated when the Lease ended. Wilson never took assignment of LRRC's rights under the Lease or any other lease between Mobil and LRRC or its predecessors. When Wilson purchased the property, the former gas station was still in place. Wilson apparently did not have the property assessed for environmental defects.

After discovering chemical contamination on the property, Wilson and his company (collectively, "Wilson") brought this diversity suit against Mobil Oil Corporation and its unidentified agents (collectively, "Mobil"), alleging various violations of Rhode Island common law. This matter is now before the Court on Mobil's motion, under Fed.R.Civ.P. 12(b)(6), to dismiss the entire complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, Mobil's motion is granted in part and denied in part.

### II. DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), the Court must view the facts and pleadings in the light most favorable to the non-moving party. The moving party, here Mobil, carries the burden of establishing that the non-moving

party, Wilson, can prove no facts that would entitle him to relief. *Mendonsa v. Time Inc.*, 678 F.Supp. 967, 968 (D.R.I.1988). The allegations in the complaint are presumed true for the purpose of testing their sufficiency. *Seveney v. United States Gov't, Dep't of Navy*, 550 F.Supp. 653, 655 (D.R.I.1982). The substantive laws of Rhode Island are controlling.

Wilson charges, essentially, that Mobil's faulty storage tanks contaminated the property during the years Mobil leased and occupied the land, that Mobil has been aware of the contamination since at least 1983, and that Mobil did not inform Wilson or LRRC of this problem before Wilson bought the property in 1988. Wilson alleges that his property and business have lost value as a result of the contamination, that he unwittingly drank contaminated water from a well on the property, and that he has suffered mental anguish and possible future injuries from the entire experience. Wilson additionally alleges that Mobil has contracted with a private firm to operate an "air stripping" machine on Wilson's property as part of an ongoing effort to clean the land's groundwater. Wilson does not allege any facts supporting privity of contract between Wilson and Mobil.

Wilson's complaint lists seven common law theories of liability: (I) negligence; (II) gross negligence; (III) negligence per se; (IV) intentional, reckless, or negligent invasion of the plaintiff's person, creating an increased likelihood that Wilson could develop cancer and lose profits; (V) trespass; (VI) nuisance; and (VII) strict liability.

None of these theories of liability supports a cause of action by a buyer of land against a former lessee of the seller. The trespass claim, however, will survive the motion to dismiss because Wilson alleges that Mobil presently maintains air stripping machinery on Wilson's land.

### Counts I, II and III

■ Rhode Island does not recognize more than one degree of negligence. *Cor-*

rigan v. Dun & Bradstreet, Inc.*, 91 F.Supp. 424, 426 (D.R.I.1950). The legal authority that Wilson cites to support his differentiation of three distinct kinds of negligence does not have effect in Rhode Island. The Court must analyze the allegations of negligence, gross negligence, and negligence per se as one allegation of negligence.

■ Before a defendant can be held liable for negligence, there must be a breach of a duty owed to the plaintiff. *Paquin v. Tillinghast*, 517 A.2d 246, 248 (R.I.1986); *Ryan v. State Dep't of Transp.*, 420 A.2d 841, 843 (R.I.1980). Even if the Court assumes that Mobil's activities as lessee caused environmental damage to the property Wilson now owns, and that this contamination injured Wilson, no liability will attach unless Mobil breached a duty of care that it owed to Wilson.

■ Wilson has alleged no facts that would create such a duty. This Court adopts the reasoning of *Wellesley Hills Realty Trust v. Mobil Oil Corp.*, 747 F.Supp. 93, 100 (D.Mass.1990), in which the District Court for Massachusetts explained that the common law does not:

> support the imposition of a duty on an owner of land to maintain his or her property in a certain condition or to refrain from any activity affecting the property which would extend to future owners of the land. The imposition of such a duty would be unreasonable because such future owners may not be known or even contemplated at the time the landowner creates or maintains a condition on his or her property.

That Mobil was a lessee and not an owner of the property only diminishes Mobil's possible obligations to subsequent purchasers.

Absent misrepresentation or contractual privity, the purchaser of property bears the risk of defects existing in the land at the time of transfer,[1] and he is expected to make his own inspections. *Id.; Philadelphia Elec. Co. v. Hercules, Inc.*, 762 F.2d 303, 312 (3d Cir.), *cert. denied*, 474 U.S.

---

1. In Rhode Island, new homes also carry a warranty of habitability. *Sousa v. Albino*, 120

R.I. 461, 388 A.2d 804, 805 (1978). This doctrine is not relevant to the present litigation.

980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985); Prosser & Keeton on Torts, 5th ed., § 64 at 446–47 (1984). Wilson's attorney suggested in oral argument that a purchaser of land should not have to test soil samples before taking title. This assertion runs counter to modern and traditional real estate practice. *See, e.g.,* Schnapf, *Environmental Liability: Law & Strategy for Businesses and Corporations,* § 13.01 (1990) (discussing the importance and prevalence of environmental due diligence before acquiring property or closing corporate or financial transactions).

■ Caveat emptor is still the dominant principle in real estate sales. *Philadelphia Elec.,* 762 F.2d at 312–13; *see also Wellesley Hills,* 747 F.Supp. at 100. A prospective purchaser has the option to examine the land to his satisfaction and walk away from the deal if he is not content with what he learns. The prospective purchaser can pose questions to the seller, and untruthful answers could give rise to an action for misrepresentation. The prospective purchaser can bargain with the seller for security or indemnity against unknown defects. The seller of contaminated land—particularly property on which a former gas station still stands, putting buyers on notice that dangerous chemicals may have leached into the soil—will assume that prospective buyers might learn of the contamination, and so the price for such land usually reflects, at least partly, its discounted value. Known defects in property reduce its market value. Caveat emptor, in short, requires the buyer to seek information so that the selling price can better reflect the land's actual, economic value.

Wilson apparently neither asked about possible chemical contamination nor tested for it, despite the obvious possibility that the property might be soaked with pollutants. The seller of land owes no duty of care to a purchaser who does not make even the most basic inquiries. The seller's former *lessee,* as a matter of both logic and public policy, also owes no such duty.

Wilson asserts, in essence, that Mobil owed a duty of care to the world at large, which includes Wilson. Plaintiff's Memo-randum, pp. 1–2. Wilson quotes general language from such important sources as *Palsgraf v. Long Island R. Co.,* 248 N.Y. 339, 162 N.E. 99 (1928), and the Second Restatement of Torts, to support his contention that Mobil's actions fell below the standard of care required by the common law. But Wilson consistently overlooks the fundamental principle of negligence law that liability requires a duty of care owed specifically to the plaintiff. Mobil might have contractual liability to LRRC or statutory liability to Rhode Island or the federal government, but Mobil owed no common law duty of care to subsequent purchasers of property that it leased. While Mobil's neighbors in Foster may have had no choice in becoming victims of Mobil's alleged chemical leaks, Wilson could have avoided his troubles by the simple exercise of reasonable diligence before buying this property.

As an alternative argument, Wilson seeks to show the existence of a duty of care by suggesting that Mobil's obligations to LRRC automatically became obligations to Wilson when Wilson purchased the property. Absent allegations of contractual privity or affirmative misrepresentation, however, Mobil's duties to LRRC do not run with the land. Wilson has not stated a negligence claim.

### Count IV

Wilson further alleges that Mobil intentionally, recklessly, or negligently invaded Wilson's person, creating an increased likelihood that Wilson could develop cancer and lose profits. Wilson has alleged no facts to support a charge that Mobil's actions were intended to affect Wilson. And as explained above, Rhode Island does not recognize differing degrees of negligence; allegations of reckless or negligent conduct are treated as allegations of negligence.

As explained above, Mobil owed no duty of care to Wilson. For this reason alone, this Count is legally insufficient. The same arguments for dismissing Counts I, II, and III compel dismissal of Count IV.

[6] This Count also fails because it lacks a sufficient allegation of injury. Wilson has alleged only possible future harms, but no actual, present injury. In Rhode Island, a plaintiff must prove a current manifestation of injury; neither mental anguish without physical symptoms nor a heightened risk of cancer is enough to create a cause of action in tort. *Reilly v. United States,* 547 A.2d 894, 896 (R.I.1988); *Plummer v. Abbott Lab.,* 568 F.Supp. 920, 922, 923 (D.R.I.1983). Therefore, Wilson has not stated a cause of action under this Count.

### Count V

 Wilson's allegation of trespass to property states a valid, albeit limited, cause of action. Wilson asserts that Mobil's alleged contamination of the property constituted a trespass against him, the subsequent purchaser. Liability for trespass to property requires an invasion of one person's property by another person who has no right or privilege to enter. *See Wellesley Hills,* 747 F.Supp. at 99. When Mobil leased the land, its right of possession permitted it to occupy and use the land within the constraints of the Lease. Any of Mobil's activities during its leasehold on the land could not constitute a trespass against Wilson. *Id.* The presence of contaminants leaked during Mobil's leasehold, therefore, would give no basis for Wilson's trespass claim.

 Whether the presence of Mobil's air stripping operation constitutes a "continuing trespass," however, is a different matter. *See Regan v. Cherry Corp.,* 706 F.Supp. 145, 150–51 (D.R.I.1989); Restatement (Second) of Torts, §§ 158 & 161(1) at 277, 289 (1965). One may be liable for trespass if he intentionally places on or fails to remove from another's land something that he has a duty to remove, Restatement (Second) of Torts § 158(c), or if he tortiously places an object on another's land, *id.* § 161(1). No injury need be shown. *Id.* § 158.

Given Wilson's version of the facts, which the Court must accept as true for this motion, the Court cannot conclude that the air stripping operation was not tortiously placed on Wilson's land and that Mobil has no duty to remove it. In other words, it is unclear whether the presence of this machinery constitutes a privileged entry onto Wilson's land. Mobil's placement, through an agent, of the machinery on Wilson's land might amount to trespass, depending on Mobil's legal obligations to remove it or maintain it there. Until the legal status of the air stripping operation is further clarified, Wilson has alleged sufficient facts to support a nominal trespass claim and defeat Mobil's motion to dismiss this Count of the complaint.

### Count VI

 Wilson's allegation of nuisance is legally insufficient. Wilson has not alleged that Mobil invaded his interests while Mobil was a *neighboring, contemporaneous* landowner proximate to Wilson's property. To create liability as a private nuisance, the offending condition must come from *outside* the plaintiff's land. *Wellesley Hills,* 747 F.Supp. at 98. A buyer of property cannot assert a private nuisance claim against a seller—or the seller's lessee—for contamination that occurred before the sale. *Id.* at 98–99; *Philadelphia Elec.,* 762 F.2d at 313–14; *Hanlin Group, Inc. v. International Minerals & Chem. Corp.,* 759 F.Supp. 925, 935 (D.Me.1990).

### Count VII

 Wilson's final Count alleges strict liability. If this claim is based on a products liability theory, *see Castrignano v. E.R. Squibb & Sons, Inc.,* 546 A.2d 775, 779 (R.I.1988), then the claim obviously fails because Mobil never owned or sold the property at issue, and, in any event, the strict products liability doctrine does not encompass the sale of land.

 If this claim is based on the theory of strict liability for abnormally dangerous activities, as typified by *Rylands v. Fletcher,* L.R. 3 H.L. 330 (1868), then the claim also fails. Rhode Island has rejected the doctrine of *Rylands v. Fletcher. Rose v. Socony–Vacuum Corp.,* 173 A. 627, 54 R.I.

411, 416 (1934); Prosser & Keeton on Torts, § 78 at 549.

■ Liability for pollution of groundwater requires the invasion of a legally recognizable right of the injured party. *Rose,* 54 R.I. at 417. Under the facts alleged, however, Wilson had no legally recognizable rights against Mobil's actions during the Lease. *See Wellesley Hills,* 747 F.Supp. at 101–02. Imposing strict liability on Mobil for Wilson's alleged injuries, like imposing a duty of care in negligence, would violate the rule of caveat emptor in real estate transactions. When Wilson purchased the property from LRRC in an arms-length transaction, he lost any possible standing to sue the previous owners and lessees in negligence, nuisance, trespass, or strict liability.

Mobil had no greater duty than reasonable care toward foreseeable plaintiffs. *Gagnon v. Landry,* 103 R.I. 45, 234 A.2d 674, 677 (1967). Wilson must prove Mobil's negligence, including a duty of care toward Wilson, in order to recover damages in tort. And as explained above, Wilson has not alleged facts that would create a duty of care. The strict liability claim, therefore, also fails to justify a grant of relief.

### R.I. Gen. Laws Chapter 46–12

■ Wilson additionally hints at a statutory cause of action against Mobil, but he has not overtly asserted such a claim. Wilson's complaint states that Mobil owed him a duty of care pursuant to R.I.Gen.Laws ch. 46–12. Second Amended Complaint, para. 44. In Count III of the complaint and the corresponding section of his memorandum in opposition to Mobil's motion to dismiss, Wilson cites chapter 46–12 in connection with his claim of negligence per se.[2] The claim of negligence per se, as explained above, is not a claim upon which relief can be granted.

But Wilson may have stated a completely different, statutory cause of action. In

accordance with Rule 8(f) of the Federal Rules of Civil Procedure, this Court must construe Wilson's pleadings to effect substantial justice. The parties have not addressed whether R.I.Gen.Laws ch. 46–12, particularly section 46–12–21, creates liability beyond the scope of common law negligence.[3] Without intimating whether this statute supports a cause of action by Wilson against Mobil, this Court believes that substantial justice would be defeated if Wilson were denied a fair opportunity to present a coherent claim based on section 46–12–21. His scattered references to the statute in pleadings and memoranda have put Mobil sufficiently on notice that statutory liability might be an issue in this litigation. He should be permitted to amend his complaint to add one count based upon R.I.Gen.Laws § 46–12–21.

### The Defendants' Motion to Strike

■ Mobil has additionally moved to strike Wilson's requests for punitive damages and damages based on mental anguish. In Rhode Island, punitive damages must be based upon *intentional* and *malicious* conduct toward the plaintiff. *Regan,* 706 F.Supp. at 153. Conduct that is merely reckless does not justify punitive damages. *Id.* at 152–53.

■ Wilson has not alleged facts that would justify punitive damages. In his complaint, Wilson makes the conclusory statement that Mobil acted "with wantonness, recklessness, and outrageousness." Second Amended Complaint, para. 48. He fails, however, to allege malice or an intent to harm others. The Court is not merely pointing out that Wilson neglected to employ particular adverbs: Wilson has not alleged any facts that would suggest that Mobil acted with malice—with an intention to cause harm. By charging Mobil with wantonness and outrageousness, Wilson alleges gross recklessness, but nothing more. Accordingly, Mobil's motion to strike Wil-

---

**2.** Wilson's attorney quotes the language of R.I.Gen.Laws § 46–12–21 but cites the statute incorrectly as section 46–12–22. Plaintiffs' Memorandum, p. 14.

**3.** R.I.Gen Laws § 46–12–21 provides:

*Liability.*—Any person who shall negligently or intentionally pollute groundwater shall be liable to any other person who is damaged by that pollution.

son's prayer for punitive damages is granted.

Additionally, because this Court now dismisses Count IV of the complaint, the Court also strikes Wilson's request for compensatory damages based on mental anguish.

## III. CONCLUSION AND ORDER

Accordingly, the defendants' motion to dismiss the complaint, for failure to state a claim upon which relief can be granted, is granted with respect to Counts I, II, III, IV, VI, and VII. The defendants' motion is denied with respect to Count V. The defendants' motion to strike the plaintiffs' prayer for punitive damages and compensatory damages based on mental anguish is granted. The plaintiffs are granted leave to amend the complaint, within 30 days of this Order, to add one count alleging violation of R.I.Gen.Laws § 46–12–21.

It is so ordered.