■ ALEXANDER SZABADOS et al., Appellants, v PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC., Respondent. [595 NYS2d 412] —Order and judgment (one paper), Supreme Court, New York County (Myriam Altman, J.), entered August 6, 1992, confirming an arbitration award holding that defendant had the right to terminate its distributorship agreement with plaintiffs, unanimously affirmed, with costs.

"[A]n arbitrator's award, so long as it stays within the bounds of rationality, may not be vacated for errors of law or fact" (Matter of Allen [New York State], 53 NY2d 694, 696). Here, there is support in the record for the arbitrator's conclusions such that it cannot be said that the award is wholly irrational. Nor should the award be vacated on the basis of the arbitrator's finding that the meeting of October 28, 1988—wherein the individual plaintiff was informed of the allegations of misconduct and advised that the distributorship would be terminated—satisfied defendant's obligation under paragraph 20 of the Distributor Agreement to give plaintiffs "reasonable opportunity to explain" any alleged wrongdoing. The "arbitrator's interpretation of the parties' contract is impervious to judicial challenge even where 'the apparent, or

even plain, meaning of the words' of the contract has been disregarded" *(Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346). Thus, the court may not, as plaintiffs would have it do, reassess the evidence and second guess the arbitrator's determination that the October 28, 1988 meeting satisfied the agreement. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.