In the Matter of LARRY RICE, Appellant, v JAMAICA ENERGY PARTNERS, L.P., Respondent. [785 NYS2d 921]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered July 29, 2003, inter alia, confirming an arbitration award dated July 9, 2002, and bringing up for review an order, same court and Justice, entered February 24, 2003, inter alia, denying the petition to vacate and/or modify the arbitration award, unanimously affirmed, with costs.

Although petitioner contends that the arbitrator exceeded her powers, he has failed to identify any error that would suffice as a predicate for the award's vacatur or modification on that ground. Judicial disturbance of the award upon such ground would be appropriate only if the award violated a strong public policy, was totally irrational, or the arbitrator in making the award clearly exceeded a limitation on her power specifically enumerated under CPLR 7511 (b) (1) (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). None of these criteria have been demonstrated by petitioner. No argument is made that the award was violative of public policy. Nor is there any clear showing that the arbitrator violated a limitation specified in CPLR 7511 (b) (1), or that the award is totally irrational, which it manifestly is not. Even if petitioner's various arguments had merit, which they do not, they would show no more than that the arbitrator erred legally and/or factually, which would be insufficient to warrant the relief sought by petitioner (*see Matter of Silverman [Benmor Coats Inc.,]*, 61 NY2d 299, 308-309 [1984]; *Szabados v Pepsi Cola Bottling Co.*, 191 AD2d 367 [1993]). Concur—Tom, J.P., Mazzarelli, Saxe, Sullivan and Friedman, JJ.