■ SLOTNICK, SHAPIRO & CROCKER, LLP, Respondent, v MICHAEL C. STIGLIANESE, Appellant. [938 NYS2d 71]—

Pursuant to the written guarantee between the parties, defendant guaranteed payment to plaintiff firm in accordance with the retainer agreement between plaintiff and defendant's former girlfriend. Defendant further guaranteed to make payments to plaintiff for services rendered according to a schedule specifying three monthly payments of $25,000 and, thereafter, "monthly payments of no less than $15,000 . . . until such time as all fees incurred by [defendant's former girlfriend] pursuant to the Retainer Agreement have been paid." Defendant made payments to plaintiff in the amount of $135,000, and then stopped making payments.

We reject defendant's contention that he was not required to make additional payments under the written guarantee because plaintiff failed to advise him of expenditures of time over and above the time covered by the retainer and provide him with periodic statements of account. Under the plain and unambiguous terms of the retainer agreement, plaintiff was required to advise and mail periodic statements of account to defendant's former girlfriend, not defendant. Accordingly, the court properly denied defendant's cross motion for summary judgment dismissing the complaint (*cf. Walcutt v Clevite Corp.*, 13 NY2d 48, 56 [1963]). Given the unambiguous terms of the retainer agreement and guarantee, there was no basis for considering parol evidence (*see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]).

Plaintiff's allegations that, among other things, defendant owes it "the outstanding balance" on his former girlfriend's account were sufficient to state a cause of action for breach of the guarantee (*see generally Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Román, JJ.