*539 Order, Supreme Court, New York County (Bernard J. Fried, J.), entered November 22, 2011, which denied petitioner client’s motion to vacate the arbitration award granting respondent law firm’s motion to dismiss the arbitration proceeding, and granted the law firm’s cross motion to confirm the award, unanimously affirmed, without costs.
In this proceeding alleging the law firm’s breach of performance of a retainer agreement, including breach of an alleged oral agreement to have a particular attorney in its firm serve as lead counsel in an underlying matter, the client failed to preserve its arguments that the law firm did not meet its burden of demonstrating that the client fully understood the terms of the parties’ retainer agreement, and that public policy rendered such retainer agreement unenforceable, as these arguments were not sufficiently brought to the attention of the arbitrator (see Edward M. Stephens, M.D., F.A.A.P. v Prudential Ins. Co. of Am., 278 AD2d 16 [2000]; see also Matter of Joan Hansen & Co., Inc. v Everlast World's Boxing Headquarters Corp., 13 NY3d 168, 173-174 [2009]). The client did not explicitly argue that the law firm violated public policy by failing to ensure that the client fully understood the terms of the parties’ retainer agreement. It only argued that parol evidence was needed because the retainer agreement, as written, was allegedly incomplete and/or ambiguous.
Were we to reach the merits of the client’s public policy argument, we would find it unavailing. The parties agreed to arbitrate any disputes arising from their retainer agreement, and there is no basis to conclude that the asserted public policy ground (requiring a client’s full knowledge and understanding of an attorney-client retainer agreement) was violated. The arbitrator’s award dismissing the client’s challenge to the legal fees that were due in accordance with the express terms of the parties’ amended written retainer agreement had a rational basis, inasmuch as the arbitrator found the written retainer arrangement to be unambiguous and to constitute a fully integrated agreement that would satisfy the requirements of 22 NYCRR 1215.1 (see generally Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223-224 [1996]). The arbitrator’s rejection of the sophisticated client’s argument that sought inclusion of claimed oral terms that would modify the clear terms of the amended retainer agreement was rationally based in contract principles, including New York’s parol evidence rule, and the criteria for allowing modification of *540 written terms without altering them was not established by the client (see Mitchill v Lath, 247 NY 377 [1928]; Chemical Bank v Weiss, 82 AD2d 941 [1981], appeal dismissed 54 NY2d 831 [1981]). Since the terms of the fully integrated retainer agreement were unambiguous, there was no basis to consider parol evidence (see Slotnick, Shapiro & Crocker, LLP v Stiglianese, 92 AD3d 482 [2012]; Moore v Kopel, 237 AD2d 124, 125 [1997]).
Moreover, the client’s argument that the arbitrator, in deciding the dismissal motion, denied it “fundamental fairness” by refusing to accept the truth of its allegations regarding the oral promise, including that the parties intended this oral promise to be a component of the parties’ retainer agreement, thereby precluding it from offering evidence to demonstrate the parties’ understanding in regard to the alleged oral promise, is unavailing. It was within the province of the arbitrator to find, as a matter of law, that the retainer agreement was not ambiguous (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]), notwithstanding the client’s claims that alleged oral promises were intended to be added as components of the written retainer agreement. Since an arbitrator’s award ordinarily will not be vacated even if founded upon errors of law and/or fact (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479-480 [2006], cert dismissed 548 US 940 [2006]), there is no basis to vacate this award founded upon applicable contract principles (see Szabados v Pepsi-Cola Bottling Co. of N.Y., 191 AD2d 367 [1993]).
Furthermore, the arbitrator appropriately rejected the client’s attempt to modify the clear terms of the parties’ fully integrated retainer agreement. There was no basis to conclude that the alleged oral agreements were merely collateral to the retainer agreement (as amended), that they did not tend to contradict the terms of the retainer, and that the oral modifications would otherwise ordinarily be omitted from a writing (see Mitchill v Lath, 247 NY 377 [1928], supra; Chemical Bank v Weiss, 82 AD2d at 942).
We have considered the client’s remaining arguments and find them unavailing. Concur — Andrias, J.P., Friedman, Sweeny, Manzanet-Daniels and Román, JJ.